18380

Grover T. CHANEY, Appellant, v. William F. BURGESS, Respondent

(143 S. E. (2d) 521)

*Messrs. Henry Hammer* and *Isadore S. Bernstein,* of Columbia, and *Toole & Toole,* of Aiken, *for Appellant,*

*Messrs. Henry Busbee,* of Aiken, and *Allgood & Childs,* of Augusta, Georgia, *for Respondent,*

*Messrs. Henry Hammer* and *Isadore S. Bernstein,* of Columbia, and *Toole & Toole,* of Aiken, *for Appellant, in Reply,*

July 19, 1965.

Lewis, Justice.

This is an appeal by the plaintiff from a judgment of nonsuit.

On Sunday afternoon, December 22, 1962, the defendant's boat trailer, upon which his boat was fastened, became stuck

in the mud adjacent to a concrete boat ramp at Mills Creek Landing on the Santee Cooper lake in Orangeburg County. He could not pull the trailer from the mud with his automobile and secured the gratuitous assistance of the plaintiff who had a tractor at his cabin nearby. In response to the defendant's request for assistance, the plaintiff drove his tractor to the scene and carried with him a rather large twenty foot log chain to use in pulling. Upon the arrival of the plaintiff with his tractor, the defendant's automobile was still attached to the trailer. On the first of three attempts to pull the boat and trailer from the mud, the plaintiff and the defendant fastened one end of the chain to the front of defendant's automobile and the other to the tractor. This attempt to pull the boat and trailer from the mud failed.

The second attempt was made by detaching the automobile and connecting the tractor directly to the trailer by means of the chain. They were fastened together by the plaintiff and the defendant by tying the center of the chain around the tongue of the trailer and the ends of the chain to the tractor. In securing the ends of the chain, one end was fastened to a bar on the lower part of the tractor and the other to an upper bar apparently located just behind the driver. In fastening the vehicles together, the upper portion of the chain was left with a slack to lift the tongue of the trailer when the pull started. It is inferable that the ends of the chain were thus fastened so that the force of the pull was exerted on the portion of the chain connected to the lower bar. When this method was tried, the wheels of the tractor spun on the wet dirt and the second attempt to move the boat and trailer failed.

On the third and last attempt the plaintiff received the injuries for which recovery is now sought. The trailer was sitting immediately adjacent to a concrete boat ramp which was constructed so that it was inclined toward the water. In order to get more traction for the third attempt, the ends of the chain were unfastened and the tractor moved onto the ramp. When the tractor was thus positioned, the

plaintiff got off to help refasten the ends of the chain. As he did so, the tractor started to roll backwards and he remounted to secure the brakes. While plaintiff was holding the brakes to insure that the tractor would not roll backwards, the defendant undertook to tie the chains to the tractor as they had been fastened on the second attempt to pull the trailer, that is, one end to the lower bar and the other to the upper bar. When the defendant finished, he stepped back and directed the plaintiff "to go ahead." Whereupon the plaintiff eased the tractor forward and tightened the chain. It appeared that the chain was holding, so plaintiff accelerated the motor. When he did, the bottom end of the chain came loose and the tractor suddenly ran out about three feet, causing the entire pull to be placed on the top chain or upper portion of the tractor. This caused the tractor to tilt backwards and throw the plaintiff to the ground, from which he received rather serious personal injury.

This action was subsequently instituted by the plaintiff against the defendant to recover for the personal injuries so sustained. The action was based upon the alleged negligence of the defendant in failing to properly fasten the chain to the tractor, resulting in the plaintiff being thrown to the ground when the insecurely fastened chain slipped and caused the tractor to tilt backwards. The answer of the defendant interposed a general denial and the pleas of contributory negligence and unavoidable accident.

The lower court granted a nonsuit at the conclusion of plaintiff's testimony upon the ground that there was no showing of actionable negligence on the part of the defendant. Our inquiry then is whether there was any evidence direct or circumstantial, from which a reasonable inference could be drawn that the defendant failed to exercise due care in the performance of any duty owed to the plaintiff.

> It is elementary that on a motion for a nonsuit the evidence and all reasonable inferences to be drawn therefrom are to be considered in the light most

favorable to the plaintiff. In such instance, it is not the province of the court to weigh the testimony, but simply to determine if there is any relevant, competent testimony reasonably tending to establish the material elements of plaintiff's cause of action. If more than one reasonable inference can be drawn or if the inferences to be drawn from the evidence are in doubt, the case should be submitted to the jury. *Mahon v. Spartanburg County*, 205 S. C. 441, 32 S. E. (2d) 368.

While our decisions uniformly state that the so called ▮ doctrine of *res ipsa loquitur* does not apply in this State, they have with equal uniformity recognized that negligence may be proved by circumstantial evidence as well as direct evidence. And in determining the sufficiency of circumstantial evidence, the facts and circumstances shown are to be reckoned with in the light of ordinary experience and such conclusions deduced therefrom as common sense dictates. Where circumstantial evidence is relied upon to establish liability, the plaintiff must show such circumstances as would justify the inference that his injuries were due to the negligent act of the defendant, and not leave the question to mere conjecture or speculation. *Leek v. New South Express Lines*, 192 S. C. 527, 7 S. E. (2d) 459; *Barnwell v. Elliott*, 225 S. C. 62, 80 S. E. (2d) 748.

The plaintiff was at the time assisting gratuitously in ▮ pulling the defendant's boat trailer from the mud where it had become stuck. On the first two attempts to remove the trailer both the plaintiff and the defendant fastened the chain to the tractor. However, it is inferable that on the last attempt the defendant undertook to perform that task alone because of the necessity of plaintiff remaining on the tractor to apply the brakes to keep it from rolling backwards. The plaintiff relied upon the defendant on that occasion to fasten the chains, and started his tractor only after the defendant had given the "go ahead" signal indicating that they had been properly attached. The method used to couple the tractor and trailer together required that the

middle of the chain be attached to the tongue of the trailer with the two ends fastened to the tractor—one end to the lower bar for pulling and the other to the upper bar to lift the tongue of the trailer so as to keep it from becoming damaged by digging into the dirt. It is inferable that the use of the top chain was to protect the defendant's trailer from damage while pulling it from the bog. With the tractor pulling up an incline, the danger of it tilting backward was reasonably apparent if the bottom chain came loose and threw the entire pull on the upper part of the tractor. Under these circumstances, when the defendant undertook to fasten the chains to the tractor and give the "go ahead" signal, he owed a duty to exercise due care to protect the plaintiff from the dangers incident to an insecurely fastened chain. See: *Lawless v. Fraser,* 244 S. C. 501, 137 S. E. (2d) 591; *Ferguson v. Smith,* 4 Cir., 257 F. (2d) 694.

The plaintiff was thrown from the tractor when it tilted backwards, and it is inferable from the record that the tractor was caused to tilt backwards because of the bottom end of the chain coming loose. While there is no direct testimony as to the particular manner in which the chain was actually tied or hooked to the tractor, we think the circumstances sustain the inference that the chain slipped or came loose because it was insecurely fastened by the defendant. There is no evidence of any defect in the chain or any appliance used to make the connection. The chain did not break. It simply slipped or came loose, and the circumstances indicate that it would not have come loose if it had been securely fastened. On the two previous attempts to pull the trailer, the plaintiff and the defendant together fastened the chain, and it held. The defendant alone attached it on the last occasion; and, when the slipping of the bottom chain caused the pull to be placed on the top chain, the top one held, indicating that the top end was securely fastened but not the bottom. It is therefore inferable that, if the defendant had exercised the same care in fastening the bottom end of

the chain as was used in attaching the top end, the bottom one would have held also and the accident would not have happened.

Under the foregoing facts and circumstances, tested in the light of common experience, a reasonable inference could be drawn that the defendant was negligent in failing to securely fasten the chain to the tractor, and that such negligence was the proximate cause of the tractor tilting backwards and the resulting injuries to the plaintiff. Until such inference is removed by competent evidence, the plaintiff has made out a *prima facie* case against the defendant.

The trial judge was therefore in error in granting the defendant's motion for a nonsuit.

Reversed and remanded for a new trial.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.