19233

Harvey CAMPBELL, Respondent, v. ROBBINS TIRE AND RUBBER COMPANY, Inc. and Kar Kare, Inc. of whom Robbins Tire and Rubber Company, Inc., is, Appellant.

(182 S. E. (2d) 73)

*Messrs. Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Appellant,*

June 9, 1971.

Moss, Chief Justice:

Harvey Campbell, the respondent herein, purchased from Kar Kare, Inc. two tire tubes manufactured by Robbins Tire and Rubber Company, Inc., the appellant herein. The respondent placed one of these tubes in a truck tire and while it was "being aired up" an explosion took place, resulting in injuries to him.

The respondent instituted this action based on the alleged negligence of the appellant in the following particulars:

"(a) In failing to inspect tube before placing on market;

"(b) In manufacturing a defective tube with weak seams and weak rubber;

"(c) In failing to warn Plaintiff of defect in tube;
The appellant, by answer, denied any negligence on its part that proximately caused injuries to the respondent.

This case came on for trial before The Honorable Legare Bates, Judge of the Richland County Court, and a jury, resulting in a verdict in favor of the respondent for actual damages against the appellant. At appropriate stages of the trial the apellant made motions for a nonsuit and directed verdict in his favor and, after the verdict, for judgment *non obstante veredicto,* or in the alternative for a new trial, on the ground, *inter alia,* that there was no evidence to show any defect in the tire tube or that the appellant was guilty of any actionable negligence as alleged in the complaint. These motions were refused and this appeal followed.

It is our view that this appeal can be disposed of by determining whether there is any evidence tending to prove the allegation of the complaint that the tire tube manufactured by the appellant was defective.

The question of whether or not there was error on the part of the trial judge in refusing the motions of the appellant for a directed verdict or judgment *non obstante veredicto* requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light favorable to the respondent. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference the question is no longer one for the jury, but one of law for the court. *Still v. Blake,* 255 S. C. 95, 177 S. E. (2d) 469.

It is elementary that in order for the respondent to recover damages, he must prove not only his injury but also

that it was caused by the actionable negligence of the appellant. *Critzer v. Kerlin,* 231 S. C. 315, 98 S. E. (2d) 761. The respondent had the burden of proving a defect in the tube and that such was the proximate cause of his injury and damage. Without this proof, his case must fail.

The respondent testified that he had been a service station operator for approximately ten years and for the past five years had been operating a service station on Bluff Road in the City of Columbia, near the Farmers' Market. A large part of his business involved the repairing, servicing and mounting of truck tires. He testified as to the procedure he followed in mounting and inflating the tube in question. The respondent further testified:

"I put the tube in the tire and the flap in the tire and I put it on the wheel and put the air to it until it was swollen out and I put 80 pounds of air in it and the air gauge—the air·hose had got a gauge in it and the back pressure from the tires when you hold it on—when you let it off, the back pressure from the tires runs the gauge out where you can see how much air is in it and I looked and I looked and it had 80 pounds in it and I knowed the gauge was 10 pounds off and it didn't have but 70 pounds in it; so just as I went to pull the air back to it, the tube and the tire blowed out * * *."

While the respondent has offered evidence that he was injured by the explosion of the tube, there is no testimony that there was any defect in said tube. Even though the tube has been in the possession of the respondent since the date of his injury, he offered no testimony to establish a defect in the tube. The appellant had the tube examined and tested by an independent expert who testified that he made a minute examination of the tube, using a stereoscopic microscope. This expert testified that he found no inclusions, cracks, holes or thin spots in the tube. He tested the tensile strength of the tube and found that the tube was of the proper composition to provide the correct proportion of

the strength and stretch. He further found that the chemical composition of the tube, as evidenced by its specific gravity, was correct. He gave as his opinion that the tube was properly constructed and not defective. The appellant offered testimony that all tubes manufactured by it were subjected to inspection prior to being delivered to its dealers.

We have carefully considered all of the evidence offered by the respondent and it completely fails to establish or show that there was a defect in the tube. The burden was on the respondent to show that the tube was defective and such resulted from the negligent manufacture thereof by the appellant. The mere fact that the tube exploded does not demonstrate the manufacturer's negligence nor tend to establish that the tube was defective.

We conclude that the evidence in this case is susceptible of only one reasonable inference, that being that the appellant was not guilty of any act of negligence. This being true, the trial judge should have so declared as a matter of law and directed a verdict in favor of the appellant.

The judgment of the lower court is reversed and the case remanded thereto for the purpose of entering judgment for the appellant.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.