1476

SUNVILLAS HOMEOWNERS ASSOCIATION, INC., Appellant v. SQUARE D COMPANY, Karl K. Kanoy and John S. Coman, as liquidating trustees of Kanoy-Coman, Inc., and Edward Stalvey d/b/a Eddie's Electric Company, Defendants, of whom Square D Company is, Respondent.

(391 S.E. (2d) 868)

Court of Appeals

*Bradish J. Waring* and *Stephen P. Groves*, of *Young, Clement, Rivers & Tisdale*, Charleston, *for appellant.*

*Harold W. Jacobs* and *Russell T. Burke*, of *Nexsen, Pruet, Jacobs & Pollard*, Columbia, *for respondent.*

Heard Feb. 20, 1990.

Decided April 2, 1990.

CURETON, Judge:

This is a products liability action. A fire occurred at a beachfront condominium project. Sunvillas Homeowners Association, Inc., sued various defendants to recover damages resulting from the fire. The only defendant in this appeal is Square D Company. Square D manufactured a circuit breaker utilized in the project. Sunvillas claimed the circuit breaker was negligently designed or manufactured. Square D denied the allegations. The case was tried before a judge and jury. The trial judge granted Square D's motion for directed verdict at the end of the plaintiff's case. He denied a motion by Sunvillas to amend the complaint to plead breach of warranty. Sunvillas appeals. We affirm.

## I.

In ruling on a directed verdict motion the trial court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party, and if it is susceptible of more than one reasonable inference, the case should be submitted to the jury. *Cutchin v. South Carolina Dept. of Highways and Public Transp.,* ___ S.C. ___, 389 S.E. (2d) 646 (1990).

Sunvillas's theory was negligence. As this was a products liability case Sunvillas utilized an expert witness qualified in

the fields of electrical engineering and origin of electrical fires. The expert conducted an investigation of the fire. He found the circuit breaker manufactured by Square D did not function and this was one of the causes of the fire. Square D agreed it did not function. The issue was why it failed.

In testifying about the reason for the malfunction the expert witness stated he sent the circuit breaker to Square D for analysis. Square D prepared a report indicating the cause of the malfunction was water and waterborne contaminants which had followed the top lead-in wires into the breaker. The expert witness did not agree with this finding by Square D. He found evidence of corrosion in the breaker and postulated this was caused by condensation but he denied corrosion was the cause of the failure. It was his opinion there was some defect in the breaker other than corrosion. However, he could not identify the defect. He testified as follows:

Q. Is there anything Square D did that you can say that they manufactured the breaker wrong?

A. There is no evidence that I have that they manufactured it wrong except for the fact that it didn't work as intended.

The trial judge granted a directed verdict for Square D. He found Sunvillas had not demonstrated negligence because the evidence only indicated the breaker did not work and Sunvillas presented no evidence as to how the breaker was negligently designed or how it was negligently manufactured.

Sunvillas argues the court erred in granting the directed verdict because there was circumstantial evidence which would create a jury issue. The essence of Sunvillas' argument is that their expert eliminated all the reasons for the fire except the circuit breaker malfunction and the only reason the breaker malfunctioned was because of a design or manufacturing defect.

To establish negligence the plaintiff must prove the defendant failed to exercise due care in some respect. The focus is upon the action of the defendant. The mere fact a product malfunctions does not demonstrate the manufacturer's negligence nor tend to establish the product was defective. *Campbell v. Robbins Tire and Rubber Co.*, 256 S.C. 230, 182 S.E. (2d) 73 (1971); *Logan v. Montgomery Ward*

*& Co., Inc.*, 216 Va. 425, 219 S.E. (2d) 685 (1975). Sunvillas is correct in its assertion negligence may be proved by circumstantial evidence. When circumstantial evidence is relied upon the plaintiff must show such circumstances as would justify the inference that the damages suffered were due to the negligent act of the defendant and the question may not be left to mere conjecture or speculation. *Chaney v. Burgess*, 246 S.C. 261, 143 S.E. (2d) 521 (1965); *McQuillen v. Dobbs*, 262 S.C. 386, 204 S.E. (2d) 732 (1974). In this case Sunvillas' expert did not testify about design alternatives. He did not identify a specific defect in the circuit breaker which was the result of a manufacturing error by Square D. At most the jury would be left to speculate how Square D failed to exercise due care. The trial court was correct in granting the directed verdict.

## II.

Sunvillas also argues the trial judge erred in not granting its motion to amend the complaint to plead breach of warranty. At the end of the plaintiff's case Square D made a motion for directed verdict. The parties argued the motion and the trial judge granted it. Square D then moved to amend the complaint to conform to the proof on the issue of warranty. The trial judge denied the motion on the basis he had already directed a verdict when the motion was made.

S.C.R. Civ. P. 15(b) governs amendments to conform to the evidence. The rule covers two situations. First, if an issue not raised by the pleadings is tried by express or implied consent of the parties the court may permit amendment of the pleadings to reflect the issue. Second, if a party objects to the introduction of evidence as not being within the pleadings the court may permit amendment of the pleadings subject to a right to grant a continuance if necessary. 6A C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* Section 1491 (2d ed. 1990).

The two procedures are different in their operation and application. *Id.* Where issues are not raised by the pleadings but are tried by consent, amendments to the pleadings are desirable because they bring the pleadings in line with issues actually developed at the trial. *Id.* at Section

1493. Express consent may be demonstrated by a stipulation but implied consent depends on whether the parties recognized an issue not raised by the pleadings entered the case during the trial. *Id.*

Sunvillas argues the issue of implied warranty was tried by consent and therefore the amendment should have been permitted. There is no evidence it was tried by express consent. We fail to find any evidence breach of warranty was tried by implied consent. A products liability case may be brought under several theories including negligence, warranty, and strict liability. In each theory the plaintiff must establish the product was in a defective condition. *Madden v. Cox*, 284 S.C. 574, 328 S.E. (2d) 108 (Ct. App. 1985), appeal dismissed, 286 S.C. 127, 332 S.E. (2d) 102 (1985). However, in the negligence theory the plaintiff bears the additional responsibility of demonstrating the defendant failed to exercise due care. Sunvillas chose to plead only negligence. It did not move to amend until after the trial judge had ruled against it on a directed verdict motion. We do not find implied consent by Square D when the evidence that is claimed to show trial by consent is relevant to the issue already in the case as well as the issue sought to be added by amendment. 6A C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* Section 1493 at 32 (2d ed. 1990). As pointed out by the commentators this view is sound because the opposing party may not be conscious of the relevance of the evidence to issues not raised by the pleadings if that matter is not made clear. *Id.* at 35. Since defect of the product was relevant to negligence as well as warranty and we find no indication of implied consent to try a warranty claim, we affirm the trial court's decision to deny the motion.

We do not find the second portion of Rule 15(b) applicable to this case. The motion to amend did not come until all the evidence had been presented by the plaintiff. The second portion of the rule applies to the situation where a party objects to the introduction of evidence because it is not within the confines of the pleadings and a motion is then made to amend the pleadings. This would logically occur during the presentation of the evidence. Given the timing of this motion to amend the second procedure under the rule does not apply.

Since we find the parties did not consent to trial of a warranty claim by express or implied consent we affirm the decision of the trial judge denying the motion to amend. Supreme Court Rule 4, Section 8 (appellate court may affirm for any reason appearing in the record).

Affirmed.

GARDNER and BELL, JJ., concur.