THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Patricia Fici, Respondent/Appellant,
v.
Karol Koon, Kerry Koon Stack, Century 21 Bob Capes Realtors, Inc., and 
 Francis Hipp, Defendants,
Of whom Karol Koon and Kerry Koon Stack are the,
Appellant/Respondents,
And, Century 21 Bob Capes Realtors, Inc., and Francis Hipp are the,
Respondents.
 
 
 

Appeal From Richland County
Joseph M.  Strickland, Master-in-Equity

Unpublished Opinion No. 2004-UP-554
Submitted October 1, 2004  Filed November 3, 2004

AFFIRMED

 
 
 
Jean Perrin Derrick, 
 of Lexington, for Appellant-Respondents.
Catharine H. Garbee Griffin, 
 of Columbia, for Respondents.
William E. Booth, III, 
 of Columbia, for Respondent-Appellant.
 
 
 

PER CURIAM:  Patricia Fici (Fici) brought this action against Karol 
 Koon and Kerry Koon Stack (collectively referred to as  the Koons) seeking 
 specific performance of a contract to sell 30 acres of property and to cancel 
 restrictive covenants placed on the property.  Both Fici and the Koons sought 
 attorneys fees.  The master found the contract violated the statute of frauds, 
 declined to address the restrictive covenants, and denied all parties attorneys 
 fee requests.  We affirm.
FACTS
Fici sought land in Columbia upon which to build a home.  Francis Hipp (Hipp) 
 acted as her broker in the search for suitable property.  The Koons inherited 
 fifty acres of land from their father.  They wanted to keep 10-acres each and 
 sell the remaining 30-acres to help finance the construction of homes on their 
 parcels.    
The parties signed a contract for sale using a standard realtors sales contract.  
 The Koons intentions leading up to the contract were to place restrictions 
 on the property to keep it from being subdivided or sold for use in an adjacent 
 subdivision.  However, no restrictive covenants were placed on the property 
 prior to the signing of the contract.
The contract called for the property lines to be determined upon agreement 
 of the parties.  Specifically, it called for the Koons as sellers to have a 
 survey done to determine the property lines.  Handwritten and then initialed 
 by all three parties was the notation:  Purchaser and Seller to agree on location 
 of property lines.  
On March 9, 2001, the parties met at the property and with the help of a surveyor, 
 roughed in some boundary lines by hand on an older plat of the property.  The 
 parties each signed the plat over their portion of the property.  This plat 
 included the language:  Survey to be performed week of March 12 by CTH Surveyors.  
 Fici agreed this plat did not represent a designation of the final boundaries.  

The surveyor faxed the resulting plat to the parties on March 14, 2001.  The 
 Koons, however, were not satisfied with the division of the property, mainly 
 due to the location of the access road.  A second plat, which was also unsatisfactory, 
 was produced on March 16, 2001.  A third and final plat was produced on March 
 19, 2001 and sent to Hipp on March 21, 2001.    
After receiving the plat on March 21, 2001, Hipp took the written restrictions 
 and the plat and recorded them at the Office of the Register of Deeds for Richland 
 County.  Hipp, Fici, her counsel, and several other members of Hipps real estate 
 brokerage were present at a meeting regarding the property.  Hipp showed Fici 
 a copy of the updated plat.  Fici signed the plat:  Property lines for tract 
 3 are ok for me  Pat Fici 3/22/01.    The Koons never signed the plat.
Fici brought this action when the Koons refused to cancel the filed restrictive 
 covenants on the property.  She sought specific performance of the contract, 
 rescission of the restrictive covenants, damages for breach of fiduciary duty 
 against Hipp and the brokerage, and damages for tortuous interference with a 
 contract. [1] 
The circuit court granted Fici a temporary injunction prohibiting the Koons 
 from disposing of the property and referred the specific performance action 
 to a master-in-equity while reserving the claims for damages for trial by jury.  
 The circuit court also required Fici to post a bond, by depositing the purchase 
 amount into an account maintained by her at Wachovia Bank.  Fici was restrained 
 and prohibited from withdrawing any funds from the investment account or causing 
 any funds to be taken out of the investment account during the pendancy of this 
 action.  
The Koons answered by making a general denial of the claims.  During trial, 
 the Koons moved to amend their answer to specifically allege the affirmative 
 defense of the Statute of Frauds.  The master allowed the Koons to amend their 
 Answer because this amendment conforms with evidence already in the record.  

The master concluded the contract was too indefinite in its description of 
 the property to meet the requirements of the Statute of Frauds.  Additionally, 
 the master concluded the parties signed no other writings detailing the boundaries 
 of the property being sold to Fici.  Thus, the master denied Ficis request 
 for specific performance.  
The Koons filed a motion for costs and attorneys fees.    Subsequently, 
 they filed a Contempt Complaint and a Rule to Show Cause seeking to hold Fici 
 in contempt for withdrawing the money held at Wachovia prior to termination 
 of the action.  The master concluded the Koons were not entitled to attorneys 
 fees and declined to hold Fici in contempt.
ISSUES ON APPEAL

 
 
 
 I.  
 Did the master err in allowing the Koons to amend 
 their Answer to specifically allege the Statute of Frauds as an affirmative 
 defense?
 
 
 II.
 Did the master err in failing to award specific performance of 
 the contract?
 
 
 III. 
 Did the master err in failing to award either party attorneys 
 fees?
 
 
 

STANDARD OF REVIEW
An action for specific 
 performance lies in equity.  See Ingram v. Kaseys Assocs., 340 
 S.C. 98, 105, 531 S.E.2d 287, 290 (2000) (citing Collier v. Green, 244 
 S.C. 367, 137 S.E.2d 277 (1964)); see also Satcher v. Satcher, 
 351 S.C. 477, 482, 570 S.E.2d 535, 538 (Ct. App. 2002).  Our scope of review 
 for a case heard by a Master-in-Equity who enters a final judgment is the same 
 as that for review of a case heard by a circuit court without a jury.  Tiger, 
 Inc. v. Fisher Agro, Inc., 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989).  
 This court may review the evidence to determine facts in accordance with our 
 own view of the preponderance of the evidence.  See Townes Assocs. 
 Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  
 While this permits us a broad scope of review, we do not disregard the findings 
 of the Master, who saw and heard the witnesses and was in a better position 
 to evaluate their credibility.  Tiger, 301 S.C. at 237, 391 S.E.2d at 
 543.   
LAW/ANALYSIS
I.          Motion 
 to Amend
Fici contends the master erred in allowing the Koons to amend their Answer 
 to specifically assert the Statute of Frauds as an affirmative defense.  We 
 disagree and find the amendment conformed to the evidence presented at trial.
Rule 15(b), SCRCP provides in pertinent part:

When issues not raised by the pleadings are tried by express or implied consent 
 of the parties, they shall be treated in all respects as if they had been raised 
 in the pleadings.  Such amendment of the pleadings as may be necessary to cause 
 them to conform to the evidence and to raise these issues may be made upon motion 
 of any party at any time, even after judgment; but failure so to amend does 
 not affect the result of the trial of these issues.  If evidence is objected 
 to at the trial on the ground that it is not within the issues made by the pleadings, 
 the court may allow the pleadings to be amended and shall do so freely when 
 the presentation of the merits of the action will be subserved thereby and the 
 objecting party fails to satisfy the court that the admission of such evidence 
 would prejudice him in maintaining his action or defense upon the merits.   

The decision whether to allow the amendment of pleadings to conform to the 
 evidence is left to the sound discretion of the trial court.  Kelly v. South 
 Carolina Farm Bureau Mut. Ins. Co., 316 S.C. 319, 323, 450 S.E.2d 59, 61 
 (Ct. App. 1994).  Amendments should be allowed if no prejudice occurs to the 
 opposing party.  Rule 15(b), SCRCP; Soil & Material Engrs, Inc. v. Folly 
 Assocs., 293 S.C. 498, 501, 361 S.E.2d 779, 781 (Ct. App. 1987).
Rule 15(b) covers two situations involving amendments to conform to the evidence.  
 First, if an issue not raised by the pleadings is tried by express or implied 
 consent of the parties the court may permit amendment of the pleadings to reflect 
 the issue.  Second, if a party objects to the introduction of evidence as not 
 being within the pleadings the court may permit amendment of the pleadings subject 
 to a right to grant a continuance if necessary.  Sunvillas Homeowners Assn, 
 Inc. v. Square D Co., 301 S.C. 330, 334, 391 S.E.2d 868, 871 (Ct. App. 1990).  
 Express consent may be demonstrated by a stipulation but implied consent depends 
 on whether the parties recognized an issue not raised by the pleadings entered 
 the case during the trial.  Id. at 335, 391 S.E.2d at 871.
In the instant case, the parties both raised issues regarding the insufficient 
 description of the property.  The parties each discussed the relevancy of the 
 plats and whether the parties agreed upon the actual boundaries for the property.  
 Ficis counsel specifically addressed whether the contract would be enforceable 
 under the statute of frauds standing alone and also after considering all the 
 additional testimony, plats, and other exhibits in the case.  Additionally, 
 Ficis counsel asked one of the Koons witnesses whether the Statute of Frauds 
 should be specifically pled.  As a result of this questioning, the motion to 
 amend was made.  
We find the parties impliedly tried the Statute of Frauds issue.  In addition, 
 Fici has failed to demonstrate how she was prejudiced by the amendment as she 
 raised the issue herself with several witnesses.  Accordingly, we conclude the 
 master properly allowed the Koons to amend their Answer to conform to the evidence 
 presented at trial.
II.          Specific 
 Performance and Statute of Frauds
Fici asserts the master erred in finding the contract failed to satisfy the 
 Statute of Frauds.  She maintains writings exist which can charge the Koons 
 with the boundary lines determining the property to be sold.  Finally, she contends 
 the master erred in failing to order specific performance of the contract.  
 We disagree and find the contract fails to satisfy the Statute of Frauds.
          The Statute of Frauds requires that:

 
No action shall be brought whereby: . . . (4) To charge any person upon any 
 contract or sale of lands, tenements or hereditaments or any interest in or 
 concerning them . . . [u]nless the agreement upon which such action shall be 
 brought or some memorandum or note thereof shall be in writing and signed by 
 the party to be charged therewith or some person thereunto by him lawfully authorized.
 

S.C. Code Ann. § 32-3-10 (1976).

The South Carolina Supreme Court has held:
 
One of the essential 
 terms of a contract of sale of land is the identification of the land.  A decree 
 for specific performance operates as a deed.  Hence, the land must be described 
 so as to indicate with reasonable certainty what is to be conveyed.  Parol evidence 
 cannot be relied upon to supplement a vague and uncertain description.  
 

Cash v. Maddox, 265 S.C. 480, 484, 220 S.E.2d 121, 122 (1975) (internal 
 citations omitted).
The court further explained:  For a contract to meet the requirements of the 
 Statute of Frauds, . . . , every essential element of the sale must be expressed 
 therein. . . . Parol evidence may be used to explain terms appearing in the 
 description, but the description itself must clearly identify the particular 
 parcel of land.  Id.  In Cash, the only evidence of the property 
 being sold was that it consisted of 15 acres.  The parties never agreed which 
 15 acres were to be sold.  Id. at 484, 220 S.E.2d at 122.
Cash is indistinguishable from the instant case.  As there was no way 
 to determine from the writings in Cash which 15 acres the parties intended 
 to convey, there is no way to determine from the contract in the instant case 
 which 30 acres the parties intended to convey.
In order to satisfy the 
 Statute of Frauds, Fici would have to show some other writings, which when read 
 together with the sales contract provide a complete description of the property 
 to be conveyed and all other essential terms of the contract.  

It is well settled that 
 the form of writing required by the statute is not material.  The contract may 
 be evidenced by one writing or more. . . . Whatever form the agreement may assume, 
 if the writing or writings, viewed as a whole, constitute, in essence or substance 
 upon their face, a note or memorandum in writing, subscribed by the party sought 
 to be charged, showing who the contracting parties are, the subject matter of 
 the sale, and the consideration, the statute is satisfied.

Speed v. Speed, 
 213 S.C. 401, 408, 49 S.E.2d 588, 593 (1948).
The Koons and/or their agent have signed only two writings.  The first is the 
 plat all three parties signed with the hand drawn boundaries.  However, all 
 parties agreed the plat was not indicative of the final boundaries, and all 
 actions subsequent to the signing of the plat indicated the parties still needed 
 to establish the proper boundaries.  In addition, the plat signed specifically 
 stated on its face:  Survey to be performed week of March 12 by CTH Surveyors.  

The only other writing, which was signed, was the request for admission answered 
 by the Koons that was signed and filed by their attorney.  The requests included 
 two pertinent questions:

16.          That the Defendants were in agreement for the New Plat to be prepared 
 showing and delineating a fifty foot wide driveway easement extending from Miles 
 Bowman Road to the Property at the southwestern most corner of Tract 2 as shown 
 on the New Plat.
17.          That the Defendants were in agreement for the New Plat to be prepared 
 with the property lines for the three tracts as shown on the New Plat.  (Plaintiffs 
 Exhibits 48 & 49).  

The Koons denied the first question and admitted the second.  The second question 
 only admits the parties planned for a plat to be prepared.  This is the same 
 as what the contract called for originally.  Fici fails to indicate a plat upon 
 which all three parties have agreed to the final boundaries.  Until the parties 
 have defined those boundaries with reasonable certainty, the Statute of Frauds 
 has not been satisfied.  Accordingly, we find the master properly determined 
 the Statute of Frauds bars enforcement of the contract for sale. 
 [2] 
III.          Attorneys 
 Fees
The Koons assert the master erred in failing to award attorneys fees under 
 the contract or in the alternative as a result of Ficis improper withdrawal 
 of the funds from the Wachovia account.  We disagree and find the master properly 
 refused to order attorneys fees.

A.      Under the Contract

 The general rule is 
 that attorneys fees are not recoverable unless authorized by contract or statute.  
 Baron Data Sys., Inc. v. Loter, 297 S.C. 382, 383-84, 377 S.E.2d 296, 
 297 (1989).  When there is a contract, the award of attorneys fees is left 
 to the discretion of the trial judge and will not be disturbed unless an abuse 
 of discretion is shown.  Id.
The contract in the instant case provided for attorneys fees to be awarded:  
 In any action to enforce the provisions of this Contract, the prevailing party 
 and Broker(s) shall be entitled to the award of their costs, including reasonable 
 attorneys fees.  This provision, however, appears in a section of the contract 
 labeled Default.  The section details the rights of each party in the event 
 the other defaults on certain provisions of the contract.  
The purpose of all rules of contract construction is to ascertain the intention 
 of the parties to the contract.  Where the agreement in question is a written 
 contract, the parties intention must be gathered from the contents of the entire 
 agreement and not from any particular clause thereof.  Thomas-McCain, Inc. 
 v. Siter, 268 S.C. 193, 197, 232 S.E.2d 728, 729 (1977).
We find the language of the contract is clear that the parties intended the 
 attorney fee provision to be read as part of the section on default and not 
 as an isolated provision.  Also, the provision should not stand alone once we 
 have made the determination that the contract is unenforceable under the Statute 
 of Frauds.  Because it was impossible for either party to default under the 
 unenforceable contract, we find neither party would be entitled to attorneys 
 fees under this provision. 

B.      As a Result of Ficis Withdrawal of Money

The account was established as part of the circuit courts order granting Ficis 
 request for a temporary injunction.  The court, citing Rule 65(c), SCRCP and 
 section 15-1-250 of the South Carolina Code, required the deposit of funds into 
 the Wachovia account.  The court, quoting the rule, found the deposit was needed 
 for the payment of such costs and damages as may be incurred or suffered by 
 any party who is found to have been wrongfully enjoined or restrained.  The 
 court ordered:  the Plaintiff will agree not to make any disbursement from 
 the account during the pendency of this action.  
The Koons filed a Contempt Complaint and a Rule to Show Cause seeking to determine 
 why Fici should not be held in contempt for withdrawing the money from the Wachovia 
 account.  With the parties consent, the master addressed the contempt issue 
 as an additional motion instead of issuing the Rule to Show Cause and the matter 
 was argued along with the parties other post-trial motions.  The court took 
 testimony on the issue including testimony from Fici.  Fici explained that she 
 withdrew the money upon advice from her attorney that it was appropriate to 
 do so.  
Contempt results from the willful disobedience of a court order, and before 
 a court may find a person in contempt, the record must clearly and specifically 
 reflect the contemptuous conduct.  Henderson v. Henderson, 298 S.C. 190, 
 197, 379 S.E.2d 125, 129 (1989).  A willful act is one which is done voluntarily 
 and intentionally with the specific intent to do something the law forbids, 
 or with the specific intent to fail to do something the law requires to be done; 
 that is to say, with bad purpose either to disobey or disregard the law.  Spartanburg 
 County Dept of Soc. Servs. v. Padgett, 296 S.C. 79, 82-83, 370 S.E.2d 872, 
 874 (1988).  In a proceeding for contempt for violation of a court order, the 
 moving party must show the existence of the order, and the facts establishing 
 the respondents noncompliance.  Brasington v. Shannon, 288 S.C. 183, 
 184, 341 S.E.2d 130, 131 (1986).  
Once the moving party has made out a prima facie case, the burden then shifts 
 to the respondent to establish his or her defense and inability to comply with 
 the order.  Henderson, 298 S.C. at 197, 379 S.E.2d at 129.  A determination 
 of contempt is within the sound discretion of the trial judge, but his decision 
 will be reversed when the finding is without evidentiary support or there is 
 an abuse of discretion.  Wilson v. Walker, 340 S.C. 531, 538, 532 S.E.2d 
 19, 22 (Ct. App. 2000).  Even if a party is found in contempt, the party need 
 not be sanctioned for the conduct.  See Sutton v. Sutton, 291 
 S.C. 401, 409, 353 S.E.2d 884, 888-89 (Ct. App. 1987).
Thus, having determined Fici did not willfully violate the court order, the 
 master found no reason to hold her in contempt.  We agree.  Based on our reading 
 of the record, we find the master did not abuse his discretion in finding the 
 Koons were not entitled to attorneys fees as a result of Ficis withdrawal 
 of the money. [3] 
CONCLUSION
We find the master properly allowed the Koons to amend their Answer to conform 
 to the evidence already admitted and argued by the parties.  We hold there are 
 no writings in evidence, which describe with reasonable certainty the boundaries 
 intended by the parties.  Therefore, we conclude the contract and all subsequent 
 writings fail to satisfy the Statute of Frauds.  Finally, we find neither party 
 is entitled to attorneys fees.  Accordingly, the masters decision is
AFFIRMED.
GOOLSBY, ANDERSON, and WILLIAMS JJ., concur.

 
 
 [1] The actions against Hipp and the brokerage are not at issue in this 
 appeal.

 
 
 [2] In determining the contract is unenforceable, we need not determine 
 the validity of the restrictive covenants or whether the Koons breached the 
 contract by filing the restrictive covenants.

 
 
 [3] Fici also requests attorneys fees.  As we have concluded the master 
 properly denied her claim for specific performance, Fici is not entitled to 
 attorneys fees.