THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Cynthia Cunningham as GAL for Deazia Cunningham,
Appellant,
v.
Jennie Mixon, Rosa Weathersby, and Mixon Day Care,
Respondents.
 
 
 

Appeal From Richland County
 Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2006-UP-211
Heard March 7, 2006  Filed April 18, 2006

AFFIRMED

 
 
 
William T. Toal, of Columbia, for Appellant.
Vernon F. Dunbar, of Greenville, for Respondents.
 
 
 

PER CURIAM:  Cynthia Cunningham brought a cause of action against Mixon Day Care for negligence arising from injuries sustained by Cunninghams daughter (Daughter) while under Mixon Day Cares supervision.  The trial court granted a directed verdict in favor of Mixon Day Care.  Cunningham appeals the trial courts ruling.  We affirm.     
FACTS
On December 8, 2000, Daughter, then eighteen (18) months old, was assaulted by a four-year-old child while both children were under the care and supervision of Mixon Day Care in Columbia, South Carolina.  Daughter was scratched on her head, neck, and back, and bitten on her eyelid.  As a result of this assault, Daughter underwent surgery and received five stitches in her eyelid.  Her medical bills totaled $6,759.50.   
On December 5, 2003, Cunningham filed suit on behalf of Daughter against Mixon Day Care.  The suit alleged negligent, willful, wanton, careless, and grossly negligent behavior on the part of Mixon Day Care.  
At trial, Cunningham was Daughters sole witness.  Cunningham testified that she dropped Daughter off at Mixon Day Care on December 8, 2000.  In the early afternoon, Rosa Weathersby, one of the proprietors of the day care center, called Cunningham and informed her that Daughter had been scratched and needed immediate medical attention.  Cunningham drove to the day care center to retrieve Daughter and saw that Daughters injuries were more severe than a scratch.    
Cunningham learned another child at the day care center, a four-year-old boy, assaulted Daughter and caused her injuries.  Cunningham took Daughter to her pediatricians office and then to an eye specialist.  Cunningham testified that Daughter had surgery on her eye the following day and received five stitches in her eyelid.  In addition to her testimony describing these events, Cunningham submitted six photographs depicting Daughters injuries.  The photographs were taken at the doctors office on the day of the assault.     
After cross-examining Cunningham, Mixon Day Care moved for a directed verdict arguing Cunningham offered no proof Mixon Day Care was negligent.  In response, Cunningham argued the photographs were clear evidence that there was a lack of supervision, and demonstrate that it took some time to do this amount of damage.  The trial court found Cunningham failed to present sufficient evidence that Mixon Day Care breached a duty of care and, thus, granted a directed verdict for Mixon Day Care.  
The trial court denied Cunninghams motion for reconsideration.  This appeal followed. 
STANDARD OF REVIEW
In reviewing a motion for directed verdict, the appellate court applies the same standard as the circuit court.  Welch v. Epstein, 342 S.C. 279, 299, 536 S.E.2d 408, 418 (Ct. App. 2000).  The court must view the evidence and the inferences that can reasonably be drawn in the light most favorable to the nonmoving party.  Sabb v. South Carolina State Univ., 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002).  If the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and the motion should be denied.  Bailey v. Segars, 346 S.C. 359, 366, 550 S.E.2d 910, 913
(Ct. App. 2001).  In essence, the court must determine whether a verdict for the opposing party would be reasonably possible under the facts as liberally construed in his favor.  Love v. Gamble, 316 S.C. 203, 208, 448 S.E.2d 876, 879 (Ct. App. 1994) (quoting Bultman v. Barber, 277 S.C. 5, 7, 281 S.E.2d 791, 792 (1981)). 
DISCUSSION
Cunningham contends the trial court erred in granting Mixon Day Cares directed verdict motion because circumstantial evidence presented a question of fact for the jury.  Specifically, Cunningham argues the photographs, the injuries sustained, and the ages of the victim and assailant provide a reasonable inference of negligence.[1]  We disagree.
To establish negligence the plaintiff must prove the defendant failed to exercise due care in some respect.  Sunvillas Homeowners Assn v. Square D Co., 301 S.C. 330, 333, 391 S.E.2d 868, 870 (Ct. App. 1990).  Generally, [t]he focus is upon the action of the defendant. 
Id.  
[N]egligence may be proved by circumstantial evidence as well as direct evidence.  Chaney v. Burgess, 246 S.C. 261, 266, 143 S.E.2d 521, 523 (1965).  Proof of negligence may rest entirely on circumstances, and circumstantial evidence alone may authorize a finding of negligence. 
Childers v. Gas Lines, Inc., 248 S.C. 316, 322, 149 S.E.2d 761, 764 (1966).  [A]ny fact in issue may be established by circumstantial evidence, if the circumstances, which must themselves be proven lead to the conclusion with reasonable certainty.  Marks v. Indus. Life & Health Ins. Co., 212 S.C. 502, 505, 48 S.E.2d 445, 446-47 (1948) (cited with approval in
Gilliland v. Doe, 357 S.C. 197, 202, 592 S.E.2d 626, 629 (2004)).     
This court has defined circumstantial evidence as follows: 

Circumstantial evidence means proof that does not actually assert or represent the proposition in question, but that asserts or describes something else, from which the trier of fact may either (1) reasonably infer the truth of the proposition, in which case the evidence is not only relevant under Rule 401 but is sufficient as well, or (2) at least reasonably infer an increase in the probability that the proposition is in fact true, in which case the evidence is relevant under Rule 401 (assuming that the proposition is of consequence to the determination of the action) but may not be sufficient by itself to create a question for the trier of fact to decide. 

Gastineau v. Murphy, 323 S.C. 168, 178-79, 473 S.E.2d 819, 826 (Ct. App. 1996) (quoting 29 Am. Jur. 2d Evidence § 313 (1994)), revd on other grounds, 331 S.C. 565, 503 S.E.2d 712 (1998).  
[I]n determining the sufficiency of circumstantial evidence, the facts and circumstances shown are to be reckoned with in the light of ordinary experience and such conclusions deduced therefrom as common sense dictates.  Chaney, 246 S.C. at 266, 143 S.E.2d at 523.  Where circumstantial evidence is relied upon to establish liability, the plaintiff must show such circumstances as would justify the inference that his injuries were due to the negligent act of the defendant, and not leave the question to mere conjecture or speculation.  Id.
In South Carolina, the use of circumstantial evidence to prove a reasonable inference of negligence generally requires more than proof of an injury, no matter the extent of the injury.  See, e.g.,
Gastineau v. Murphy, 331 S.C. 565, 571, 503 S.E.2d 712, 715 (1998) (reversing denial of JNOV where plaintiff offered no evidence employer may have been informed employee reported a possible violation before employee terminated);
Legette v. Smith, 265 S.C. 573, 577, 220 S.E.2d 429, 430 (1975) (affirming a directed verdict for defendant when no evidence that defendant was negligent in inspecting or installing septic tank and nothing in record revealed when top of tank fell in or what caused it); 
McQuillen v. Dobbs, 262 S.C. 386, 392, 204 S.E.2d 732, 735 (1974) (affirming the denial of a directed verdict when plaintiff established reasonable inference defendants negligent inspection of furnace led to fire based partially on testimony regarding recommended procedures for the proper inspection and maintenance of furnace that defendants failed to follow); Sunvillas Homeowners Assn v. Square D Co., 301 S.C. 330, 333-34, 391 S.E.2d 868, 870 (Ct. App. 1990) (affirming directed verdict for manufacturer in products liability suit where only evidence presented was that circuit breaker did not work as intended which at most jury left to speculate how defendant failed to exercise due care).  
Mixon Day Care had a duty to maintain [a]dequate supervision . . . at all times, over the children in their care.  27 S.C. Code Ann. Regs. 114-503, Part A(3) (Supp. 2004).[2]  Adequate supervision requires awareness of and responsibility for the ongoing activity of each child, knowledge of activity requirements and childrens needs and accountability for their care, and also requires . . . being near and having ready access to children in order to intervene when needed.  27 S.C. Code Ann. Regs. 114-500, Part A(8) (Supp. 2004).
We find, from the evidence introduced at trial, viewed in the light most favorable to Cunningham, no reasonable jury could have concluded Mixon Day Care failed to provide adequate supervision over Daughter or her assailant without engaging in mere conjecture or speculation.  Chaney, 246 S.C. at 266, 143 S.E.2d at 523.  The only evidence in the record is Daughter suffered injuries from an assault while under the supervision of Mixon Day Care.  The record completely lacks any comment on or evidence of Mixon Day Cares action or inaction surrounding the assault.  
The only comments or evidence regarding Mixon Day Cares supervision, other than the inferences gained from the photographs or injuries, are favorable.  Cunningham testified that she felt good about the facility, had [a] very good feeling about [Mixon Day Care], and that, before this incident, she was generally pleased with the services Mixon Day Care provided.  Further, no evidence was introduced to suggest that the injuries sustained were consistent with a prolonged attack.  In fact, Cunningham failed to offer evidence regarding the number of scratches or bites.  
Undeniably, one may reasonably infer an increase in the probability of negligence from the photographs and testimony introduced at trial; however, without more, one cannot reasonably infer negligence under the specific facts of this case.[3]  See, e.g.,
Gastineau, 331 S.C. at 571, 503 S.E.2d at 715; Legette, 265 S.C. at 577, 220 S.E.2d at 430;
McQuillen, 262 S.C. at 392, 204 S.E.2d at 735; Sunvillas Homeowners Assn, 301 S.C. at 333-34, 391 S.E.2d at 870.  Accordingly, we find the trial court did not err in directing a verdict for Mixon Day Care because the circumstantial evidence relied upon does not justify the inference that the injuries were due to the negligent act of the defendant. Chaney, 246 S.C. at 266, 143 S.E.2d at 523 (emphasis added).  
Without requiring more than proof of an injury, the court would be going directly against our decisions which uniformly state that the so called doctrine of res ipsa loquitur does not apply in this State.  Chaney, 246 S.C. at 266, 143 S.E.2d at 523; see King v. J.C. Penney Co., 238 S.C. 336, 339-40, 120 S.E.2d 229, 230 (1961) (South Carolina has consistently refused to adopt the doctrine of res ipsa loquitur although it is the law in many other jurisdictions.  In this State it is well settled that the burden rests upon the party to prove negligence.  This burden cannot be met by relying upon the theory that the thing speaks for itself or that the very fact of injury indicates negligence.); Snow v. City of Columbia, 305 S.C. 544, 555, 409 S.E.2d 797, 803 (Ct. App. 1991) ([The] burden of proof [for negligence] cannot be met by relying on the theory that the thing speaks for itself or that the very fact of injury indicates a failure to exercise reasonable care.  No inference of negligence arises from the mere fact of injury.)(citations omitted).
CONCLUSION
Based on the foregoing, we find the trial court correctly granted a directed verdict for Mixon Day Care.  Accordingly, the decision of the trial court is 
AFFIRMED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1]   Cunningham raises three separate arguments in her brief.  Because each of these arguments challenges the trial courts decision to grant the motion for a directed verdict, we have consolidated the arguments under one heading in the interest of clarity and brevity.
[2]  We refer to this version of the regulation because it was in effect at the time of the incident.  We note, however, the regulation has been rewritten.  The amended regulation became effective on June 24, 2005.  27 S.C. Code Ann. Regs. 114-503 (Supp. 2005).
[3]   We emphasize that our decision should not be interpreted that a plaintiffs reliance on photographs as evidence of negligence is never sufficient to survive a motion for a directed verdict.  Instead, our holding is limited to the specific facts of this case.