THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Hattie Bryson
 Williams and Larry Williams, Appellants,
 v.
 Thelma Marie
 Leake, Lucille Leake, Toyota of Greenville, Southeastern Toyota Distributors,
 LLC, Toyota Motor Sales, USA, Inc., Defendants,
 of whom Toyota
 of Greenville, Southeastern Toyota Distributors, LLC, and Toyota Motor Sales,
 USA, Inc., are Respondents.
 
 
 

Appeal From Greenville County
Charles B. Simmons, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2011-UP-074
Submitted December 12, 2010  Filed
 February 23, 2011
AFFIRMED

 
 
 
 Fletcher N. Smith, Jr., of Greenville, for Appellants.
 Shawn Boyd Deery, of Columbia, and Kevin Lindsay Terrell, of
 Greenville, for Respondents.
 
 
 

PER CURIAM: In
 this personal injury action arising from a motor vehicle accident, Hattie
 Bryson Williams and Larry Williams (Mr. and Mrs. Williams) appeal the grant of
 summary judgment to Toyota of Greenville, Southeast Toyota Distributors, and
 Toyota Motor Sales (collectively, "the Toyota  defendants").  Mr. and
 Mrs. Williams alleged the Toyota defendants were negligent.  We affirm.[1]
The
 sole allegation against the Toyota defendants was that the Toyota defendants
 were negligent for selling and warranting that the airbag in a vehicle
 purchased by Mr. and Mrs. Williams from the Toyota defendants would discharge
 on impact.  Several years after Mr. and Mrs. Williams purchased the car, it was
 involved in two collisions, first with another vehicle and immediately
 thereafter with a tree; however, the airbag did not discharge either time, and
 Mrs. Williams, who was driving the car, was injured.  
In
 granting summary judgment to the Toyota defendants, the trial judge held Mr.
 and Mrs. Williams were unable to prove any of the elements necessary for
 establishing liability in a products liability action.  Specifically, the trial
 judge held that the mere fact that the airbag did not discharge during upon
 impact during either collision was insufficient evidence to establish a prima
 facie case that the vehicle was defective.  We affirm pursuant to Rule 220(b)(1),
 SCACR, and the following authorities:  
1.  As to whether a
 genuine issue of material fact existed regarding a defect in the airbag:  See  Marchant v. Mitchell Distrib. Co., 270 S.C. 29, 36, 240 S.E.2d 511, 514 (1977) (stating
 the fact that an injury occurred and the fact that the allegedly defective
 product could have been more safe are not sufficient to support a finding that
 the product in question was unreasonably dangerous); Campbell v. Robbins
 Tire & Rubber Co., 256 S.C. 230, 234, 182 S.E.2d 73, 75 (1971) (holding
 the mere fact that a tire tube exploded "does not demonstrate the
 manufacturer's negligence nor tend to establish that the tube was defective")
 (emphasis added); Bragg v.
 Hi-Ranger, Inc., 319 S.C. 531, 543, 462 S.E.2d 321, 328 (Ct. App. 1995)
 (stating that to prevail in a products liability action under a strict
 liability theory, "the plaintiff
 must establish that: (1) the defendant's product was in a defective condition
 unreasonably dangerous for its intended use; (2) the defect existed when the
 product left the defendant's control; and (3) the defect was the proximate
 cause of the injury sustained"); id. ("[T]he mere fact that a
 product malfunctions does not demonstrate the manufacturer's negligence nor
 does it establish that the product was defective.") (emphasis added); Dema
 v. Shore Enters., 312 S.C. 529, 530, 435 S.E.2d 875, 876 (Ct. App. 1993)
 (stating a plaintiff must establish the same three elements in a products
 liability action "regardless of whether the theory under which he seeks to
 recover is strict liability, breach of warranty, or negligence"); Byrd
 Motor Lines v. Dunlop Tire and Rubber Corp., 304 S.E.2d 773, 780 (N.C. Ct.
 App. 1983) (affirming the grant of summary judgment for the defendant in a products
 liability claim arising in South Carolina and holding that because (1) the
 allegedly defective product could not be produced, (2) there was no expert
 testimony or other evidence that it was defective, and (3) there was no
 examination of the product  by one who could make a meaningful evaluation, the
 plaintiff failed to make a legally sufficient showing of a defective condition
 or unreasonable danger under South Carolina law).
2.  Because we have affirmed the trial
 judge's ruling that Mr. and Mrs. Williams failed as a matter of law to
 establish that their vehicle was defective, we need not reach their argument
 regarding causation.  See Futch v. McAllister Towing of Georgetown,
 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need
 not review remaining issues when its determination of a prior issue is
 dispositive of the appeal); Bragg, 319 S.C. at 543, 462 S.E.2d at 328
 (noting proximate cause as only one of the elements of a strict liability
 claim); Madden v. Cox, 284 S.C. 574, 579-80, 328 S.E.2d 108, 112 (Ct.
 App. 1985) (noting proof of causation is an element of a products liability
 action based on negligence).
AFFIRMED.
THOMAS, PIEPER, and GEATHERS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.