THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ray Thomas Petroleum,
 Inc., a North Carolina Corporation, Appellant,
 
 
 

v.

 
 
 
 David Reza Kaveh Petroleum
 Co., a South Carolina corporation, Express Mart, Inc., a South Carolina cCorporation,
 Alliance Consulting Group, Inc., a South Carolina corporation, Petroleum
 Marketing Group, LLC, a South Carolina Corporation; Meca Petroleum, LLC, a
 South Carolina limited liability company; Respondents.
 
 
 

Appeal
 From York County
 Lee
 S. Alford, Circuit Court Judge

Unpublished
 Opinion No. 2012-UP-019
 Heard
 November 16, 2011  Filed January 25, 2012

AFFIRMED

 

 
 
 
 Douglas Gay, of Rock Hill, George Hamlin
 O'Kelley, III, of Mount Pleasant and William L. Taylor, of Alexandria,
 Virginia, for Appellant.
 Brian Scott McCoy, of Rock Hill, for
 Respondents.
 
 
 

PER CURIAM:  Ray
 Thomas Petroleum Company, Inc, (RTP) contends the trial court erred in failing
 to pierce the corporate veil of Kaveh Petroleum Company (KPC) and the connected
 business ventures of David Kaveh.  On appeal, RTP argues the trial court erred
 in (1) failing to find Kaveh and his various business entities are one and the
 same under the alter ego theory, thereby justifying the piercing of the
 corporate veil; (2) failing to apply the trust fund doctrine; and (3) awarding
 Kaveh damages for the attachment placed on his personal property.  We affirm.
1.  KPC was formed as a statutory close
 corporation, and its primary purpose was to manage the business relationship
 between RTP and Kaveh's separate business venture, Express Mart, Inc.  RTP
 argues the trial court erred in failing to recognize Kaveh as the sole actor
 for KPC, Express Mart, and Petroleum Marketing Group, LLC.  We find the trial
 court properly applied the two-prong test in Sturkie v. Sifly and RTP
 failed to meet its burden of proof in asserting that KPC's corporate veil
 should be pierced.  See 280 S.C. 453, 457, 313 S.E.2d 316, 318-19 (Ct.
 App. 1984) (finding our courts should apply a two-prong test to determine whether
 a corporate veil should be pierced); Mid-South Mgmt. Co. v. Sherwood Dev.
 Corp., 374 S.C. 588, 597, 649 S.E.2d 135, 140 (Ct. App. 2007) ("The
 burden of proof is on the party asserting that the corporate veil should be
 pierced.").
2.  RTP asserts Kaveh, as a shareholder
 of Express Mart, owed a fiduciary duty to RTP under the trust fund doctrine.  We
 affirm the trial court's determination that the trust fund doctrine was not
 properly before it in RTP's post-trial brief because RTP did not plead the
 trust fund doctrine in the original complaint or amended complaint, did not
 make a motion to amend its complaint to include it, and the issue was not tried
 by either express or implied consent of the parties.  See Rule 15(a), SCRCP ("A
 party may amend his pleading once as a matter of course at any time before or
 within 30 days after a responsive pleading is served . . . .  Otherwise a party
 may amend his pleading only by leave of court or by written consent of the
 adverse party; . . . ."); Rule 15(b), SCRCP ("When issues not raised by
 the pleadings are tried by express or implied consent of the parties, they
 shall be treated in all respects as if they had been raised in the pleadings."); Sunvillas Homeowners Ass'n v. Square D
 Co., 301 S.C. 330, 334-35, 391 S.E.2d
 868, 871 (Ct. App. 1990) ("Express consent may be demonstrated by a
 stipulation but implied consent depends on whether the parties recognized an
 issue not raised by the pleadings entered the case during the trial."). 
3.  RTP abandoned the issue of damages
 arising from the attachment on Kaveh's property because it failed to cite any
 statute, rule, or legal authority for this issue in its brief.  An issue is
 deemed abandoned if the argument in the brief is not supported by authority or
 is only conclusory.  See Pack v. S.C. Dep't of Transp., 381 S.C.
 526, 532, 673 S.E.2d 461, 464 (Ct. App. 2009) (holding appellant abandoned
 issue when she cited no legal authority to support her argument).  
AFFIRMED.
FEW, C.J., and THOMAS and KONDUROS,
 JJ., concur.