### 21394

J. Harvey DRAFTS, Plaintiff, v. SHULL SAUSAGE COMPANY, INC., Defendant/Third-Party Plaintiff-Appellant, v. GENERAL AMERICAN LIFE INSURANCE COMPANY, Third-Party Defendant-Respondent.

(275 S. E. (2d) 577)

*Reece Williams* and *William F. Halligan*, of *Williams & Williams*, Columbia, *for defendant/third-party plaintiff-appellant.*

*John W. Thomas* and *Joseph F. Munnerlyn, Jr.*, of *Dial, Jennings, Windham, Thomas & Roberts*, Columbia, *for third-party defendant-respondent.*

February 18, 1981.

NESS, Justice:

Appellant Shull Sausage Company, Inc., appeals from an order granting summary judgment to respondent General American Life Insurance Company. We affirm.

In deciding whether summary judgment was properly granted, we must consider the evidence in the light most favorable to appellant. Summary judgment should be granted only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Jamison v. Howard*, 271 S. C. 385, 247 S. E. (2d) 450 (1978).

J. Harvey Drafts owned a twenty per cent interest in Shull Sausage Company and contracted to sell this interest to Shull for valuable consideration provided he received insurance benefits under Shull's existing or future programs.

General American provided insurance coverage for Shull's employees under a policy containing the following pertinent terms:

(1) "Active work on a full-time basis"—employed not less than 30 hours per week.

(2) Personal insurance automatically terminates when employee ceases to work on full-time basis.

(3) Policy may be terminated without notice to any employee.

Drafts' coverage was terminated by General American because he was not a full-time active employee. Drafts subsequently sued Shull for breach of contract. Shull interpleaded General American as a third party defendant. The trial judge granted General American summary judgment holding:

(1) Drafts was not an "employee" within the terms of the policy because he worked less than 30 hours per week;

(2) General American did not have any duty under the policy to notify Drafts of the termination of coverage;

(3) General American did not have any contractual duties or obligations under the contract between Drafts and Shull; and

(4) Drafts failed to convert the group policy to an individual one within the thirty-one day limitation required by the terms of the policy.

The parties were bound by the unambiguous terms of the insurance contract. *Reynolds v. Wabash Life Ins. Co.,* 251 S. C. 165, 161 S. E. (2d) 168 (1968). Moreover, since General American was not a party to the original contract, between Drafts and Shull, it owed no duty or obligation thereunder. See: 17A C. J. S., Contracts, § 520 cited in *Nationwide Mutual Ins. Co. v. Chantos,* 293 N. C. 431, 238 S. E. (2d) 597 (1977).

We conclude no genuine issue of material fact is present and the trial judge properly granted summary judgment to General American.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.