21495

COLLINS CADILLAC, INC., Appellant, v. BIGELOW-SANFORD, INC., Respondent.

(279 S. E. (2d) 611)

*Julius B. Aiken,* Greenville, *for appellant.*

*Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

June 18, 1981.

Ness, Justice:

Appellant Collins Cadillac, Inc. brought this action against respondent Bigelow-Sanford, Inc. to recover the value of a 1978 Cadillac Seville automobile, Collins appeals from an adverse jury verdict. We affirm.

The facts are essentially undisputed. Collins owned a 1978 Cadillac Seville. Bigelow leased the car from Collins under an agreement whereby Bigelow would provide insurance to cover loss of the car by theft. Bigelow subsequently delivered the car to Collins for servicing and it was stolen from Collins' service lot. Collins has stipulated it was negligent in protecting the car from theft.

The trial judge directed a verdict for Collins on the issue of insurance coverage, holding Bigelow was self-insured against loss by theft, but denied Collins' motions for directed verdicts on Bigelow's claims for recoupment based upon negligent bailment or agency. The jury held Collins

was negligent in its bailment of the car and judgment was entered for Bigelow. Collins moved for a new trial or, in the alternative, for judgment N.O.V., which were both denied.

Collins first asserts the trial court erred in failing to direct a verdict in its favor on Bigelow's recoupment claim and in charging the jury the law on bailment. We disagree.

In considering whether the court was correct in failing to direct a verdict, we must view the evidence and all reasonable inference in the light most favorable to respondent, Bigelow. *Holmes v. Black River Electric Cooperative, Inc.,* 274 S. C. 252, 262 S. E. (2d) 875 (1980).

Here, the evidence and reasonable inferences drawn from the record are:

(1) Bigelow leased the car from Collins:

(2) Bigelow, self insured against loss by theft, which was in accord with the terms of the lease agreement;

(3) Bigelow delivered the car to Collins for servicing;

(4) Collins concedes it was negligent in protecting the car from theft; and

(5) The car was stolen while in possession of Collins.

We conclude Bigelow was entitled to the charge concerning negligent bailment and the motion for a directed verdict was properly denied.

Collins next asserts the trial court erred in finding it a "loss payee" under the insurance provision of the lease agreement, therefore, liable for the loss caused by its negligence. We disagree.

Bigelow as self-insurer held a dual role of *insured* and *insurer* against loss by theft. Under the terms of the insurance provision contained in the lease agreement, Collins was *loss payee*. Moreover, when the

negligence of the loss payee caused the insurance loss, the insurer (Bigelow) may hold the loss payee (Collins) ultimately liable. *Insurance Co. of North America v. Gulf Oil Corp.*, 127 S. E. (2d) 43 (Ga. 1962); *Buell, et al. v. United Fireman's Ins. Co.*, 208 N. W. 819 (Minn. 1926).

Collins next asserts the trial court erred in holding paragraph 33 of the lease agreement did not waive Bigelow's right to setoff. We disagree.

Collins failed to raise this issue in its motion for a directed verdict. Therefore, it was not a proper ground upon which to base its motion for a new trial, and will not be heard on appeal. Circuit Court Rule 79; *Taylor v. Bridgebuilders, Inc.*, S. C., 269 S. E. (2d) 337 (1980). Moreover, the limitations on set-offs contained in the lease agreement pertain solely to claims arising out of the condition, maintenance, use of or operation of the car. Construing this language against the party drafting it, we conclude the provision is not applicable in this action. See. *Williams v. Teran*, 266 S. C. 55, 221 S. E. (2d) 526 (1976).

Collins asserts the trial court erred in denying its motion for a new trial or in the alternative for judgment N.O.V. We disagree.

The granting or denial of a new trial is addressed to the discretion of the trial judge and his decision will not be disturbed on appeal unless without evidentiary support or based upon an error of law. *South Carolina State Highway Dept. v. Clarkson*, 267 S. C. 121, 226 S. E. (2d) 696 (1976).

We have reviewed the entire record and find no abuse of discretion. There is ample evidence in the record to support the verdict of the jury. Moreover, Collins stipulated to its negligence and Bigelow was entitled to an equitable set-off for the value of the car.

Collins' remaining exceptions are without merit and are dismissed under Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.