## 21555

W. F. BULTMAN, Jr., individually and as Executor of the Estate of W. F. Bultman, and Anna Birnie McDonald, Respondents, v. Arthur L. BARBER, R. W. Hills, Jr., Robert H. O'Donnell, Anne L. Schneider as Executrix of the Estate of Cecil W. Schneider, and James A. Wilder, Appellants.

(281 S. E. (2d) 791)

*Fred G. Scott, Jr.,* North Charleston, *for appellants.*

*Blinzy L. Gore,* Orangeburg, and *Robinson, McFadden, Moore & Pope,* Columbia, *for respondents.*

August 31, 1981.

HARWELL, Justice:

This action involves a dispute over ownership of property located at Magnolia Beach, a tract of land opposite Pawleys Island. In their amended complaint, the plaintiffs-respondents alleged that the defendants-appellants are trespassers on a portion of their beach. They sought to bar any claims the defendants might assert to the land, confirm their own title, have the defendants enjoined from possessing the land and recover damages for the rental value of the land occupied by the defendants. The defendants in turn sought to have their title to the disputed parcel confirmed and to have the plaintiffs enjoined from interfering with their possession.

At the conclusion of all evidence at the trial, counsel for the plaintiffs moved for a directed verdict on the basis that: (1) the defendants were barred from asserting title since their predecessors in title allegedly lost any interest in the land by virtue of a prior decree of partition and sale of the property; (2) notwithstanding the applicability of *res judicata,* the defendants had failed to produce evidence sufficient to support a reasonable claim of paramount title.

The trial judge granted the motion, sustaining both grounds. The defendants-appellants contend that the trial judge improperly weighed the evidence and also erred by finding that the prior *partition* suit operated to bar their *adverse* claim. While we agree that a duly instituted partition action (see Sections 15-61-10, *et seq.,* Code of Laws of South Carolina (1976)) cannot be bootstrapped into an adverse claims action (see Sections 15-67-10, *et seq.,* of the Code) absent compliance with all the statutory provisions applicable to the latter, we nonetheless must affirm the trial

judge since the defendants have proven no basis to claim a paramount interest in the parcel of land at issue.

In reviewing a directed verdict, we will view the evidence and all reasonable inferences in the light most favorable to the party opposing the granted motion. *Collins Cadillac, Inc. v. Bigelow-Sanford, Inc.*, 279 S. E. (2d) 611 (S. C. 1981). However, this does not give the Court license to ignore facts unfavorable to that party. In essence, we just determine whether a verdict for a party opposing the motion would be reasonably possible under the facts as liberally construed in his favor. Having done this, we find that the defendants have established no reasonable basis to claim an interest in Magnolia Beach.

In the last quarter of the nineteenth century a James Smalls owned some 1,183 acres of land which in part abutted the Atlantic Ocean. He apparently conveyed out at least 700 acres in 24 recorded deeds. These small parcels had only general descriptions which merely copied the bounds of the larger tract out of which they were conveyed. Thus, the parcels were described as being bound by the ocean even though the aggregate of land deeded out would far exceed the actual amount of beach acreage. An early map of the Smalls property in fact certifies that, "The seashore, creek and marsh land is to be the common property of the owners of the different lots."

During the 1930's interested parties began purchasing the residue-estate interests of various heirs of James Smalls. In 1938, a partition action relative to Magnolia Beach was instituted and this action culminated in the sale of the beach property in 1943 for $7,025. The successful bidders failed to make payment. Finally, in 1958 the partition action was reinstituted by certain parties with interests in the proceeds. The end result of this second phase of the partition action was that the property was ordered resold. W. F. Bultman, W. F. Bultman, Jr. and Anna Birnie McDonald placed the successful bid of $50,000 for the property. In 1960, the Clerk of Court for Georgetown County issued a deed, upon payment, for property described as:

"All that tract or parcel of land situate in Township # 7, County of Georgetown, State of South Carolina, known as Magnolia Beach, constituting a part of Midway Seashore Plantation, containing 20 acres, more or less, bounded on the Northeast by lands of Dr. Henry Norris; Southeast by the Atlantic Ocean; Southwest by a creek separating said Magnolia Beach from Pawleys Island; Northwest by lands of Birnie, Bultman and others; and being more fully shown on a Plat' made by Lawson Oliver, C. E., dated October 30, 1934, as containing 28.8 acres of property, together with 12.5 acres subject to overflow."

These parties assumed ownership of the land and at least one has paid taxes on the land since 1960.

In 1976 the appellants Arthur L. Barber and James A. Wilder were conveyed title to a five acre portion of Magnolia Beach by a *third* party. The tract has subsequently been divided and certain improvements have been initiated in the property. The other named appellants have acquired interests in the five acre tract through Barber and Wilder.

The appellants' chain of title may be briefly outlined as follows: William Harper received a Sheriff's Deed in 1905 to a parcel which had belonged to Abram Green. The description of this land is:

"All that certain piece, parcel or tract of land # 7 Township in Georgetown County, State of South Carolina, containing 5 acres bounded as follows: On the East by the Atlantic Ocean; West by the Estate of Toney Green; North by lands of Marcus Great; South by lands of Cyrus Gainey."

This land was conveyed to Frank Gainey in 1908. In 1943, Henry Gainey, the heir of Frank Gainey conveyed certain property to Elizabeth McKenzie which is described as:

"All that piece, parcel or lot of land situate, lying and being in Township Number 7, County of Georgetown, State of South Carolina, measuring one hundred fifty (150) feet on Midway of Clubhouse Creek and the same on the front of said lot on the Atlantic Ocean, and extending from said creek in the direction of said Ocean to the boundary line of the

Atlantic Ocean. Being a part of the premises conveyed to the late Frank Gainey by W. H. Harper and being that portion of Lot Number Thirty-one (31) as shown on plat of the lands of the late James Smalls, made by C. Ferri which extends from said creek as shown on said plat to said Ocean and Butting and Bounding as follows: to the North on other lands of the late James Smalls and possibly others; to the West by Midway or Clubhouse Creek; to the South by lands of the Heirs of James Smalls and possibly others; and to the East on the Atlantic Ocean, being the premises inherited by Henry Gainey from the late Frank Gainey."

Elizabeth McKenzie mortgaged the property and held the deed until her death in 1964. Foreclosure proceedings on the parcel were held in 1973. Frank Danzig purchased the property at public auction and then conveyed the property to Frank McKenzie. Frank conveyed to his son two years later and his son then conveyed the property to Barber and Wilder.

The appellants, of course, claim that their chain of title is paramount to that of the respondents. We disagree.

There is no evidence in the record which locates the tract of land which was initially deeded to William Harper. There is no indication where the lands of Green, Great and Gainey, as mentioned in the first description, might have been. The description change in the deed to Elizabeth McKenzie in 1943, without substantial, independent and supportive evidence, is merely gratuitous and is legally insufficient. Appellants' position that the second description is a more detailed version of the first description, without more, is without legal merit.

We also note that the surveys of the appellants' claimed parcel are based upon the second description only. The lot number 13 referred to, as located on the old Smalls property map, appears west of the inlet creek and its boundary lines do not extend beyond the marsh and onto Magnolia Beach as alleged. Indeed, if they were so extended, the appellants' surveyor admitted that the first described five acre tract would contain, instead, ten acres. The Smalls property map also certified that the beach was to be common property. We

believe that if the appellants were to rely upon this map to locate their land in the old Smalls estate, then they were bound to demonstrate the inapplicability of both the map certification and the prior partition adjudication to themselves.

We conclude that the respondents' title as against the appellants' is unassailable and that a jury would have no basis to confirm the ownership of the appellants in a portion of Magnolia Beach. The trial judge therefore properly directed the verdict.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.