24439

Jean M. ANDERSON, Petitioner v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Respondent.

(472 S.E. (2d) 253)

Supreme Court

---

*R. Thayer Rivers, Jr.,* of Ridgeland, *for Petitioner.*

*Charles E. Carpenter, Jr.* and *Deborah Harrison Sheffield,* both of *Richardson, Plowden, Grier & Howser,* of Columbia; *Patrick M. Higgins,* of *Howell, Gibson & Hughes,* of Beaufort, *for Respondent.*

Heard Feb. 8, 1996.

Decided June 10, 1996.

TOAL, Justice:

This Court granted a writ of certiorari to review the decision of the Court of Appeals in this personal injury action. We affirm in result.

## FACTUAL/PROCEDURAL BACKGROUND

Jean M. Anderson brought an action against the South Carolina Department of Highways and Public Transportation ("Highway Department") after she fell and injured herself on a sidewalk. On December 9, 1988, Anderson was going to the

post office in Ridgeland, South Carolina. After parking her car on the side of the road, she walked toward the post office through the area between the road and the sidewalk. On that rainy day, she had an umbrella in one arm and in the other, her three-year-old grandchild. Anderson claimed that her foot slipped in a hole next to the sidewalk, causing her to fall and injure herself.

She alleged in her complaint the Highway Department negligently maintained the sidewalk and the area between the sidewalk and the road. At trial she moved for a directed verdict as to liability; the court did not rule on the motion. The case was sent to the jury on the issues of general negligence and contributory negligence, and the jury returned a general verdict for Highway Department. After the trial, the court granted Anderson's motion for a directed verdict on the issue of the improper maintenance on the sidewalk. The judge concluded that it was not possible to determine whether the jury reached its verdict for Highway Department on the basis of Anderson's failure to prove improper maintenance, Anderson's failure to prove proximate cause, or Highway Department's success in proving contributory negligence. Accordingly, the only appropriate remedy was the granting of a new trial.

Highway Department appealed the court's order, and the Court of Appeals reversed, finding that under the "two issue" rule, the jury's verdict should have been sustained. Anderson petitioned for a writ of certiorari, which we granted. She argues that the Court of Appeals improperly applied the "two issue" rule. We agree with this argument, but find there exist other grounds on which the trial court's ruling should have been reversed. Accordingly, we affirm in result the decision of the Court of Appeals.

## LAW/ANALYSIS

### A. *"Two Issue" Rule*

"Under the 'two issue' rule, when the jury returns a general verdict involving two or more issues and its verdict is supported as to at least one issue, the verdict will not be reversed on appeal." *Todd v. South Carolina Farm Bureau Mut. Ins. Co.*, 287 S.C. 190, 193, 336 S.E. (2d) 472,

473-74 (1985). The "two issue" rule may be applied by appellate courts in a few situations. In one situation, when a jury's general verdict is supportable by more than one cause of action submitted to it, the appellant court will affirm unless the appellant appeals all causes of action. *See Sierra v. Skelton,* 307 S.C. 217, 414 S.E. (2d) 169 (Ct. App. 1991) (trial court's decision affirmed where jury returned a general verdict, and appellant only raised abuse of process issue, but failed to raise defamation issue). Under a second application of the "two issue" rule, the appellate court will find it unnecessary to address all the grounds appealed where one requires affirmance. *See Smoak v. Liebherr-America, Inc.,* 281 S.C. 420, 315 S.E. (2d) 116 (1984) (where case was presented to jury on negligence and breach of warranty causes of action, appellate court need not address breach of warranty exceptions if it finds that verdict was supported by the evidence under the theory of negligence).

These two applications of the "two issue" rule are illustrated in the following example: A case is submitted to the jury on the issues of defamation and invasion of privacy. The jury returns a general verdict for the plaintiff. The defendant appeals, arguing that the trial court erred by failing to direct a verdict on the defamation issue. Under one application of the "two issue" rule, an appellate court would affirm because defendant has failed to appeal the invasion of privacy issue as well. Assuming, however, that the defendant has appealed both issues, the appellate court would affirm on the basis of a second application of the "two issue" rule, if either of the two issues supported affirmance.[1]

■    In the instant case, the Court of Appeals concluded:

Assuming the trial judge was correct in directing a verdict on the issue of the Highway Department's negligence, the jury could have found either (1) the Highway Department's negligence did not proximately cause An-

---

[1] It should be noted that although cases generally have discussed the "two issue" rule in the context of the appellate treatment of general jury verdicts, the rule is applicable under other circumstances on appeal, including affirmance of orders of trial courts. For example, if a court directs a verdict for a defendant on the basis of the defenses of statute of limitations and contributory negligence, the order would be affirmed under the "two issue" rule if the plaintiff failed to appeal both grounds or if one of the grounds required affirmance.

derson's damages or (2) Anderson's contributory negligence caused her injuries. Because either one of these findings would support the jury's verdict, it should stand.

The opinion of the Court of Appeals reasoned that if the verdict is susceptible of two constructions, one of which will uphold the verdict and the other which will defeat it, the one which will uphold it is preferred. It essentially found that the trial court erred by not applying the "two issue" rule to uphold the jury's verdict.

We decline to adopt this unusual application of the "two issue" rule for three reasons. Initially, the rule is utilized by courts on appeal, not trial courts. Secondly, the rule is a procedural tool for upholding, not reversing, decisions. Thirdly, the practical effects of the Court of Appeals' application of the "two issue" rule are undesirable. Such an application would discourage trial courts from correcting errors. Because the jury's general verdict could potentially be upheld anytime it was susceptible of two or more constructions, there would be no incentive for trial courts to correct errors, such as through the direction of a posttrial verdict. Accordingly, we decline to adopt such an application of the "two issue" rule.

### B. *Directed Verdict*

Although we reject the Court of Appeals' interpretation of the "two issue" rule, we affirm its decision in result because the circuit court erred in finding that as a matter of law Highway Department was negligent in maintaining the sidewalk. A verdict should not be directed in a negligence action where there is a question of fact for the jury, and the evidence is such that reasonable persons might differ. *Griffin v. Griffin*, 282 S.C. 288, 318 S.E. (2d) 24 (Ct. App. 1984). The question of whether due care was exercised is controlled by the circumstances of the particular case and will not be determined by the court, as a matter of law, if the testimony is conflicting or the inferences to be drawn therefrom are doubtful. *Jarvis v. Green*, 257 S.C. 558, 186 S.E. (2d) 765 (1972). If the inferences properly deducible from controverted evidence are doubtful, or tend to show both parties guilty of negligence, and there may be a fair difference of opinion as to whose act proximately caused the injury complained of, then the question must be submitted to a jury. *McVey v. Whitting-*

*ton,* 248 S.C. 447, 151 S.E. (2d) 92 (1966).

There clearly exists conflicting evidence in the record whether Highway Department was negligent by improperly maintaining the sidewalk. *See* R. p. 29 ("I don't think [sidewalk] was broken."); R. p. 36 (There was a two- to four-inch drop-off between the sidewalk and the nearby dirt.); R. p. 40 ("[T]he sidewalk was in good shape—at the edge of the sidewalk—was maybe a couple inches drop ·by the edge of the sidewalk."); R. p. 45 (Grade next to sidewalk was not up to engineering standards.); R. p. 50 (The surface of the sidewalk was in good condition.); R. p. 66 (Sidewalk did not need any maintenance.); R. p. 67 (Area adjacent to sidewalk was not "bad," although adding "a little dirt in it would be alright"; however, normally maintenance would not be carried out for this type of condition.); R. p. 68 (Highway Department had not received any reports regarding this sidewalk area prior to this incident.); R. pp. 71-72 (Condition of sidewalk was below Highway Department's standard that the sidewalk and adjacent land be level, but condition was "not enough to repair."). Because there existed conflicting testimony, it was not proper for the court to have determined that as a matter of law Highway Department was negligent.

■ Furthermore, the issue of defectiveness of a sidewalk is ordinarily a jury question. *See Cooley v. Arizona Pub. Serv. Co.,* 173 Ariz. 2, 839 P. (2d) 422, 422 (Ct. App. 1991) ("If reasonable minds can differ as to whether a sidewalk is defective, the question is one for the jury."); *Repinski v. Jubilee Oil Co.,* 85 Ill. App. (3d) 15, 40 Ill. Dec. 291, 295, 405 N.E. (2d) 1383, 1387 (1980) ("The question is properly withdrawn from a jury only where all reasonable minds would agree that a purported defect is so minor that no danger to pedestrians could reasonably be foreseen."); *City of St. Petersburg v. Roach,* 148 Fla. 316, 4 So. (2d) 367, 368 (1941) (en banc) ("We cannot undertake to fix with mathematical nicety the proportions of flaws in the sidewalks maintained by municipalities which may result in actionable injury to pedestrians. Cases in which damages are sought because of such defects must depend to great degree upon circumstances of each incident.").

## CONCLUSION

Based on the foregoing, we conclude that the circuit court

erred in directing a verdict for Anderson; thus, the decision of the Court of Appeals is

Affirmed in result.

FINNEY, C.J., WALLER and BURNETT, JJ., and WILLIAM P. KEESLEY, Acting Associate Justice, concur.