THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(1), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Shirley J. Griffin and Henry R. Griffin, and Jacquelyn G. Burke and Michael J. Burke,       
Respondents,
 
 
 

v.

 
 
 
White Oak Properties, LLC, Eugene Grissom McDonald, III, a/k/a Gris McDonald, and Home Shop Realty Company,
Of whom
Home Shop Realty Company is       
Appellant.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2005-UP-301
Heard March 8, 2005  Filed April 27, 2005

REVERSED

 
 
 
W. Shell Suber, Jr. and Robert J. Thomas, both of Columbia, for Appellant. 
Clifford O. Koon, Paul D. de Holczer, and Mary Frances Gibson, all of Columbia, for Respondents.
 
 
 

PER CURIAM:  Home Shop Realty Company appeals from the trial judges denial of a directed verdict and award of attorneys fees in favor of Shirley and Henry Griffin and Jacquelyn and Michael Burke on their breach of contract action.  We reverse.
FACTS
In 2000, Eugene Grissom McDonald was employed as a real estate agent for Home Shop Realty, a real estate brokerage company.  McDonald was also the sole member of a limited liability company called White Oak Properties, LLC.  White Oak was formed for the purpose of purchasing, renovating, and reselling investment property.  In April of 2000, White Oak purchased real estate located at 4676 Crystal Drive in Columbia for $62,000.  White Oak, through McDonald, renovated the property and listed it for sale in October of 2000 for $128,000.  The multiple listing service for real estate named Home Shop Realty as the real estate listing office.  
During that same time, the Griffins became interested in purchasing investment property to be used as a residence by the Burkes, their daughter and son-in-law.  While house hunting, the Burkes saw the Crystal Drive property with a Home Shop Realty sign in the front yard listing McDonalds number as the contact number.  The Burkes called the number, talked with McDonald, and were shown the property.  Based on the Burkes representations, the Griffins decided to purchase the Crystal Drive property.    
On December 13, 2000, the Griffins entered into a contract for sale with White Oak, through McDonald, to purchase the Crystal Drive property for $122,000.  On December 28, 2000, the Griffins entered into an installment sales contract with White Oak for the same property.  From this sale, Home Shop Realty was paid $250 in commissions or administrative fees, and the Griffins real estate agent was paid $4,270 in commissions.  
When the Burkes moved into the Crystal Drive home, they discovered numerous problems with the residence, including a defective foundation.  The Griffins and Burkes sued McDonald, White Oak, and Home Shop alleging breach of the contract for sale, fraud, breach of contract accompanied by a fraudulent act, negligent misrepresentation, civil conspiracy, violation of the South Carolina Unfair Trade Practices Act, and piercing the corporate veil.  
At trial, Shirley Griffin and the Burkes all testified that they knew McDonald and White Oak were the owners and sellers of the Crystal Drive property.  McDonald signed the contracts for sale as the seller of the property on behalf of White Oak.  Neither the Burkes nor the Griffins alleged that McDonald was acting as an agent for Home Shop in signing the contract for sale or testified that he or she believed Home Shop was the owner and seller.
Home Shop moved for a directed verdict on the grounds that McDonald was the seller, and there was no evidence McDonald was acting as the agent of Home Shop.  The trial judge denied the motion.  The causes of action were submitted to the jury through a special verdict form.  The jury rejected all of the Burkes and Griffins causes of action, except breach of contract.  Through the special verdict form, the jury found Defendants breached the Contract for the purchase of the home on Crystal Drive, and that Defendants should take the home back and return the purchase money to the Plaintiffs.  The jury did not distinguish between any of the defendants and did not award any other damages.  
Through an Order Dealing with Post-trial Motions, the trial judge granted the Griffins and Burkes motion for attorneys fees in the amount of $40,626.  Home Shop made a Motion for an Interpretation of the Verdict or in the alternative Judgment For This Defendant Not Withstanding the Verdict on the grounds that it was not a party to the contract for sale.  The trial judge denied the motion, stating:

Home Shop presented evidence at trial and argued at the appropriate times that no agency relationship existed between Home Shop and the McDonald Defendants that would render Home Shop liable to a judgment in this case.  However, ample evidence was presented at trial that Home Shop allowed the McDonald Defendants to list and sell property through Home Shops brokerage.  A Home Shop sign was placed on the subject property as an advertisement for sale.  Whit Suber, the owner and Broker at Home Shop, entered the premises on one or more occasions during the time the house was listed for sale according to the key box activity report which was entered into evidence.  Home Shop was also the listing Broker when the house was listed on the multiple listing service.   Suber denied that he ever personally showed the house to potential buyers.  However, the uncontradicted evidence of his accessing the multiple listing service key box and his failure to provide a plausible explanation for his entry other than showing the house, is sufficient to allow the jury to reasonably infer the existence of an agency relationship.  At the very least, the uncontradicted documentary and testimonial evidence of Home Shops sign being on the property supports an inference of apparent authority.  

Finally, the judge denied all of White Oaks and McDonalds motions.  The trial judge reiterated that judgment was entered against all defendants - McDonald, White Oak, and Home Shop.  Home Shop renewed its motions and argued that attorneys fees should not be assessed against it because it was not a party to the contract.  These motions were also denied.  Home Shop appeals.
LAW/ANALYSIS
Home Shop asserts the trial judge erred in denying its motion for a directed verdict on the breach of contract claim because there is no evidence that Home Shop was a party to the contract for sale or participated in the sale.  We agree.  
In reviewing a denial of a motion for directed verdict, this court must view all evidence and reasonable inferences in the light most favorable to the opposing party.  Bultman v. Barber, 277 S.C. 5, 7, 281 S.E.2d 791, 792 (1981).  However, this does not give the Court license to ignore facts unfavorable to that party.  In essence, we must determine whether a verdict for a party opposing the motion would be reasonably possible under the facts as liberally construed in his favor.  Id.
The Griffins do not dispute that Home Shop was not a party to the contract for sale or the installment sales contract between themselves and White Oak and McDonald.[1]  Because Home Shop was not a party to the contract, it owed no duty or obligation thereunder.  Drafts v. Shull Sausage Co.,  276 S.C. 52, 54, 275 S.E.2d 577, 578 (1981); see also Roundtree Villas Assn, Inc. v. 4701 Kings Corp.,  282 S.C. 415, 423, 321 S.E.2d 46, 51 (1984) (finding the trial judge erred in failing to grant a directed verdict on a breach of warranty claim, even though warranties existed, because the appellants did not enter into any warranty agreements).
Rather, the Griffins assert that Home Shop should be held to a duty under the contract for sale because McDonald was acting as Home Shops agent in connection with the sale.  We disagree.
Although McDonald may or may not have acted as an agent for Home Shop with respect to marketing the property, there is absolutely no evidence that McDonald acted as an agent for Home Shop in signing the sales contract.  See Frasier v. Palmetto Homes of Florence, Inc., 323 S.C. 240, 244, 473 S.E.2d 865, 867 (Ct. App. 1996) (A party asserting agency as a basis of liability must prove the existence of the agency, and the agency must be clearly established by the facts.).  
With respect to the contract for sale of the Crystal Drive property, McDonald signed the contract himself as seller and owner, on behalf of White Oak.  The Griffins never alleged that Home Shop was the actual owner or seller of the property.  The only potential agency relationship that could exist with respect to the Griffins breach of contract claim is the relationship between McDonald and White Oak.  See Peoples Federal Sav. & Loan Assn v. Myrtle Beach Golf & Yacht Club,  310 S.C. 132, 145-46, 425 S.E.2d 764, 773 (Ct. App. 1992) (Agency is a fiduciary relationship which results from the manifestation of consent by one person to another to be subject to the control of the other and to act on his behalf.).
As a result, the trial judge erred in denying Home Shops motion for a directed verdict on the Griffins breach of contract cause of action.[2]  
REVERSED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.

[1] The Griffins argue that Home Shops argument is not preserved for appeal because although Home Shop argued that McDonald was not acting as its agent, it never argued that it was not a party to the contract for sale.  However, Home Shops argument has consistently been that McDonald, not Home Shop, was the seller of the house and that McDonald did not act as an agent of Home Shop in the sale.  Simply because Home Shop has changed the specific terminology used in its argument on appeal does not mean the issue is not preserved.  See McKissick v. J.F. Cleckley & Co.,  325 S.C. 327, 344, 479 S.E.2d 67, 75 (Ct. App. 1996) ([An argument] should be sufficiently specific to bring into focus the precise nature of the [issue] so that it can be reasonably understood by the trial judge.).
[2] Home Shop also argues that the trial judge erred in assessing attorneys fees against it because it was not a party to the contract.  We need not address this issue on appeal.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding an appellate court need not address remaining issues when disposition of prior issues is dispositive).