THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Roger L. Arbogast, Appellant.
 
 
 

Appeal From Spartanburg County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2005-UP-558
Submitted September 1, 2005  Filed October 24, 2005  

AFFIRMED

 
 
 
 James Arthur Brown, Jr., of Beaufort and James Wofford Bannister, of Greenville, for Appellant. 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Mark Rapoport, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Roger Lee Arbogast was convicted of trafficking in opium and distribution of Tylenol Four with codeine and sentenced to an aggregate term of 25 years in prison.  Arbogast appeals, arguing the trial court erred in failing to direct a verdict for him, violating his due process rights, and charging the jury incorrectly.  We affirm.[1]
FACTS
An informant for the Spartanburg County Sheriffs Department contacted Arbogast requesting to purchase from him opium and Tylenol Four with codeine and sell him marijuana.  On March 26, 2002, Arbogast sold an undercover officer, who was accompanying the informant, a half full bottle of opium and a bottle of 101 Tylenol Four pills for $225.  Arbogast also handed the officer the title to his car and a promissory note in exchange for a half-pound bag of marijuana.  The sheriffs department recorded the entire exchange on video and audio equipment.  Upon Arbogasts immediate arrest, officers discovered another bottle of opium and several more pill bottles in Arbogasts car, as well as the half-pound bag of marijuana sold to him by the undercover officer.  
Arbogast was indicted for trafficking in opium, distribution of Tylenol Four with codeine, and distribution of marijuana.  At trial, Arbogast presented evidence that he legally obtained the opium and Tylenol through prescriptions for a serious health condition.  Though Arbogast admitted he sold the drugs to the undercover officer on March 26, 2002, he testified to numerous occasions when the informant requested drugs, but he would not provide them.  Arbogast also claimed he sure didnt think [he] was selling as much [opium] as he did that day.  He thought [he] was selling maybe 10 millimeters of opium.  At the close of the States case, the trial court granted Arbogasts motion to dismiss the indictment on distribution of marijuana.  Arbogast made no other motions at that time.  Following the close of the defenses case, Arbogast requested a charge on entrapment, which was granted.  Arbogast made no other motions prior to the trial courts charge to the jury.  Following the jury charge, Arbogast made a motion for a directed verdict because the indictment incorrectly referred to opium as a schedule one controlled substance, instead of a schedule two, as required by section 44-53-210(b)(1) of the South Carolina Code (2002).  The State then made a motion to amend the indictment to reflect opium as a scheduled two controlled substance.  The trial court denied both motions and submitted all evidence to the jury.  
The jury found Arbogast guilty of both charges, and the trial court sentenced him to twenty-five years for trafficking in opium and five years concurrent for distribution of Tylenol Four with codeine.  This appeal followed.                
STANDARD OF REVIEW
In criminal cases, the appellate court sits to review errors of law only and is bound by factual findings of the trial court unless they are clearly erroneous.  State v. Wilson, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001).  A trial courts ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error that results in prejudice to the defendant.  State v. Adams, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003).  The appellate court should examine the record to determine whether there is any evidence to support the trial courts ruling.  Wilson, 345 S.C. at 6, 545 S.E.2d at 829.  If there is any evidence in the record, the appellate court should affirm.  Id.   
LAW/ANALYSIS
Arbogast claims the trial court erred in denying his motion for a directed verdict because the indictment incorrectly cited opium as a schedule one controlled substance.  We disagree. 
We find the motion regarding sufficiency of the indictment to be improperly raised, particularly because Arbogast failed to raise an objection before the jury was sworn as required by State v. Gentry, 363 S.C. 93, 103, 610 S.E.2d 494, 500 (2005) (Because Appellant did not raise the sufficiency of the indictments before the jury was sworn, he cannot now raise this issue on appeal.).  Furthermore, Arbogast failed to move for a directed verdict at the end of the States case or his own.  See State v. Rosemond, 348 S.C. 621, 627, 560 S.E.2d 636, 639-40 (Ct. App. 2002).  Therefore, this issue was not preserved for our review.  However, we will address this issue on its merits. 
In ruling on motions for a directed verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions and to deny the motions when either the evidence yields more than one inference or its inference is in doubt.  Jinks v. Richland County, 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003).  When considering directed verdict motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence.  Harvey v. Strickland, 350 S.C. 303, 308, 566 S.E.2d 529, 532 (2002).  In essence, we must determine whether a verdict for a party opposing the motion would be reasonably possible under the facts as liberally construed in his favor. Bultman v. Barber, 277 S.C. 5, 7, 281 S.E.2d 791, 792 (1981).  If the evidence is susceptible to more than one reasonable inference, the case should be submitted to the jury.  Quesinberry v. Rouppasong, 331 S.C. 589, 594, 503 S.E.2d 717, 720 (1998).
A defendant must be convicted of the particular offense charged in the indictment.  State v. Gunn, 313 S.C. 124, 130, 437 S.E.2d 75, 79 (1993).  A material variance between the charge and the proof entitles the defendant to a directed verdict.  Id.  However, a variance is not material where the matter alleged is not an element of the offense.  State v. Hiott, 276 S.C. 72, 81, 276 S.E.2d 163, 167 (1981).  Moreover, when an indictment contains matters unnecessary to the description of the offense, the unnecessary language may be disregarded as surplusage, and no proof thereof is required.  State v. Thompson, 305 S.C. 496, 501 n.1, 409 S.E.2d 420, 423 n.1 (Ct. App. 1991).    
Following the trial courts jury charge, Arbogast made a motion for a directed verdict because the indictment charged Arbogast with knowingly sell[ing] . . . more than (28) twenty-eight grams of Opium, a scheduled I controlled substance. (emphasis added).  According to section 44-53-210(b)(1) of the South Carolina Code (2002), opium is a scheduled II controlled substance.  This, however, is not an essential element of the offense of trafficking in opium.  S.C. Code Ann. § 44-53-370(e)(3)(c) (2002 and Supp. 2004).  Section 44-53-370(e)(3)(c) states the following:

 Any person who knowingly sells, manufactures, cultivates, delivers, purchases, or brings into this State, 
 . . .
 (3) four grams or more of any morphine, opium, salt, isomer, or salt of an isomer thereof, including heroin, . . . or four grams or more of any mixture containing any of these substances, is guilty of a felony which is known as trafficking in illegal drugs and, upon conviction, must be  punished as follows if the quantity involved is: 
 . . .
 (c) twenty-eight grams or more, a mandatory term of imprisonment of not less than twenty-five years nor more than forty years, no part of which may be suspended nor probation granted, and a fine of two hundred thousand dollars.

Therefore, the language in the indictment regarding the schedule of narcotic involved was mere surplusage.  Thompson, 305 S.C. at 501 n.1, 409 S.E.2d at 423 n.1.  Designation of the schedule in which opium was listed in the statute was not necessary for the indictment to fully apprise Arbogast of the charges against him.  See State v. Lawrence, 264 S.C. 3, 12, 212 S.E.2d 52, 56 (1975) (It was unnecessary for the indictment to designate the schedule on which amphetamine was listed in order to fully apprise appellants of the charge against them.).    
Arbogast also asserts the following issues: (1) the trial court violated his due process rights by charging him with trafficking in opium, an illegal activity, even though he obtained the opium through legal prescriptions; (2) the trial court erred in charging the jury on the lesser-included offense of distribution of opium, but failed to provide the lesser-included offense as an optional sentence on the verdict form; and (3) the trial court erred in failing to instruct the jury that conviction of the offense of trafficking in cocaine required Arbogast to knowingly sell more than four grams of opium.  
It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.  Wilder Corp. v. Wilkie, 330 S.C. 71, 75, 497 S.E.2d 731, 733 (1998).  Contemporaneous objection is required to properly preserve error for appellate review.  State v. Johnson, 324 S.C. 38, 41, 476 S.E.2d 681, 682 (1996).  Issues not raised to and ruled upon by the trial court are not properly preserved for appeal.  State v. Williams, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991).    Arbogast failed to object to the jury charge and verdict forms at trial.  Therefore, these issues were not preserved for our review.  
CONCLUSION
Because the variance between the charge and the proof presented at trial was not material, and the other issues were not preserved, the trial courts decision is hereby 
AFFIRMED.  
HUFF, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR.