665 S.E.2d 642

Willie L. JONES, Personal Representative of
the Estate of Chad Jones, Appellant,

v.

Leon LOTT, Linn Pitts, Gilbert Gallegos, and Clark Frady, In-
dividually and in their official capacities with the Rich-
land County Sheriff's Department, Respondents.

No. 4396.

Court of Appeals of South Carolina.

Heard May 8, 2008.
Decided May 28, 2008.
Rehearing Denied Aug. 25, 2008.

---

**2.** We decide this case without oral argument pursuant to Rule 215,
SCACR.

Hemphill P. Pride, II, of Columbia, for Appellant.

Andrew F. Lindemann, William H. Davidson, II, Robert D. Garfield, all of Columbia, for Respondents.

HEARN, C.J.

Chad Jones was killed when he was shot in the head as he attempted to escape after being taken into custody by Richland County Sheriff's deputies. His estate appeals the circuit court's grant of directed verdict in favor of Sheriff Leon Lott in his official capacity. We affirm.

## FACTS

Two members of Richland County Sheriff's Department, Corporal Linn Pitts and Deputy Gilbert Gallegos, attempted to pull over Jones when he failed to use a turn signal. Jones refused to stop and the officers pursued him. Eventually, Jones' vehicle struck an air conditioning unit at the Waverly Street Apartments, and Jones fled on foot, ultimately dropping a .22 caliber revolver. The officers found Jones in the laundry room of a nearby house, and after a brief struggle, he

was subdued and apprehended. The officers found a clear plastic container that, at the time, they believed contained crack cocaine.[1] Jones was put in handcuffs and placed in the rear of Pitts' police cruiser, while the officers began preparing the paperwork accompanying the arrest.

Ultimately, Jones was arrested for ten criminal and traffic offenses.[2] At the time he was arrested, Jones identified himself to the officers as "Lavaris Richardson," although a Columbia Police Department officer on the scene identified his true identity. A quick check revealed Jones also had outstanding arrest warrants for attempted burglary, assault with intent to kill, and assault and battery with intent to kill.

At some point while the officers were working on their paperwork, Pitts and Gallegos observed Jones fidgeting in the back seat of the cruiser. Gallegos and a third deputy who had arrived with a paddy wagon to transport Jones, Deputy Clark Frady, removed Jones from the cruiser, and conducted a pat down search. Finding nothing, they again secured Jones in the back of the cruiser with his hands handcuffed behind his back and his seat belt fastened. Because it was an unusually warm day in November, Pitts left the engine of the cruiser running so that the air conditioning would be operating, and left the Plexiglas window in the cruiser open in order to let the air reach Jones. Initially, the windows of the cruiser were also open, but the officers closed them when Jones continued to yell out to passersby. The officers then continued their paperwork on the hood of the cruiser.

Thereafter, Jones apparently maneuvered his handcuffed hands to the front of his body, and squeezed through the open Plexiglas window into the driver's seat of the cruiser, locking the doors. The officers noticed Jones in the front seat when they heard the sound of him turning the key to the already-

---

1. Police tested and later determined the white powder was washing detergent.

2. These included: failure to use a turn signal; leaving the scene of an accident; failure to stop for blue lights and siren; driving without a driver's license; possession of a stolen vehicle; possession with intent to distribute crack cocaine; unlawful carrying of a pistol; possession of a pistol under the age of 21; resisting arrest; and possession with intent to distribute crack cocaine within a half mile of school.

running vehicle. The officers yelled to Jones to stop and unlock the doors, and Gallegos unsuccessfully attempted to break the front driver's side window with his baton. Gallegos then retreated to his own cruiser in anticipation of a second pursuit, while Pitts tried to unlock the passenger side door with his key.

Meanwhile, Jones had placed the cruiser in reverse and backed up approximately twenty feet. Both Pitts and Frady repositioned themselves in front of the cruiser, and shouted instructions for Jones to stop the vehicle and turn off the ignition. Jones ignored these instructions, instead slumping in the driver's seat, placing the cruiser back in drive, and eventually stepping on the accelerator. The cruiser first cut left toward Pitts, who moved out of the way and fired a shot hitting the rear hubcap. The cruiser then turned and came directly at Frady, who fired twice into the vehicle. One of Frady's shots struck Jones in the back of the head, killing him.

Jones' estate brought a wrongful death and survival action against Sheriff Leon Lott, Linn Pitts, Gilbert Gallegos, and Clark Frady, individually and in their official capacities with the Richland County Sheriff's Department, based on allegations of negligence and civil conspiracy. Defendants filed a motion for summary judgment, which Judge Allison Lee granted with respect to all the individual defendants, but allowed the case to proceed against Lott in his official capacity as to the gross negligence claim. The circuit court ultimately granted Lott's motion for a directed verdict at the close of Jones' case. This appeal follows.

## STANDARD OF REVIEW

On a motion for directed verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions and to deny the motions where either the evidence yields more than one inference or its inference is in doubt. *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006). The appellate court will reverse the trial court's ruling on a directed verdict motion only when there is no evidence to support the ruling or where

the ruling is controlled by an error of law. *Id.* at 434–35, 629 S.E.2d at 648.

## LAW/ANALYSIS

■ Jones contends the circuit court erred in granting Lott's motion for a directed verdict on the following grounds: (1) Richland County deputies had no duty to Jones with respect to the manner in which they confined and secured him upon taking him into custody; (2) the use of deadly force by the deputies was objectively reasonable as a matter of law; and (3) Jones' attempted escape outweighed any negligence on the part of the deputies in failing to secure him.

The circuit court granted Lott's motion for directed verdict on four grounds: (1) Sheriff's Department deputies did not owe a duty to Jones to secure him in the back of the police cruiser in a manner that made it impossible to escape; (2) any negligence on the deputies' part in securing Jones in the cruiser was outweighed as a matter of law under our comparative negligence standard by Jones' actions in his escape attempt; (3) the use of deadly force by the deputies in that situation was objectively reasonable as a matter of law; and (4) the Sheriff's Department was entitled to immunity under Section 15–78–60(6) of the South Carolina Code (2005) for the method of providing police protection. As illustrated by Jones' contentions on appeal listed above, Jones failed to appeal the circuit court's grant of a directed verdict on the issue of Lott's immunity under section 15–78–60(6). Consequently, the circuit court's ruling on Lott's immunity is the law of the case and warrants our affirmance of the directed verdict under the two issue rule. *See Anderson v. S.C. Dep't of Highways & Pub. Transp.*, 322 S.C. 417, 420, 472 S.E.2d 253, 254 (1996) (finding when a general verdict can be supported by more than one cause of action submitted to it, the appellate court will affirm unless the appellant appeals all causes of action). In Anderson, the supreme court explained that the two issue rule is also applicable in situations not involving a jury:

It should be noted that although cases generally have discussed the "two issue" rule in the context of the appellate treatment of general jury verdicts, the rule is applicable

under other circumstances on appeal, including affirmance of orders of trial courts. For example, if a court directs a verdict for a defendant on the basis of the defenses of statute of limitations and contributory negligence, the order would be affirmed under the "two issue" rule if the plaintiff failed to appeal both grounds or if one of the grounds required affirmance.

*Id.* at 420 n. 1, 472 S.E.2d at 255 n. 1. *See also Anderson v. Short,* 323 S.C. 522, 476 S.E.2d 475 (1996) (where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case); *First Union Nat'l Bank of S.C. v. Soden,* 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct.App.1998) (holding an "unchallenged ruling, right or wrong, is the law of the case and requires affirmance").

Moreover, Lott maintains on appeal that an additional sustaining ground exists under Section 15–78–60(21) of the South Carolina Code (2005). We agree.

Section 15–78–60(21) provides:

The governmental entity is not liable for a loss resulting from ... the decision to or implementation of release, discharge, parole, or furlough of any persons in the custody of any governmental entity, including but not limited to a prisoner, inmate, juvenile, patient, or client *or the escape of these persons.*

(emphasis supplied). This argument was presented to the circuit court; however, it was not a ground upon which the court orally granted Lott's motion for directed verdict. Nevertheless, this court may consider any ground present in the record to affirm the circuit court's judgment. *See I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 526 S.E.2d 716 (2000) (finding when a circuit court rules in favor of one party, it is not necessary for preservation purposes for the winning party to ask the court to revisit its decision in order to rule on the remaining issues and arguments it put forth). Therefore, we find section 15–78–60(21) provides Lott immunity from the loss resulting from the escape attempt of Jones, who, having already been arrested, was in custody and a prisoner.

Accordingly, the circuit court's grant of a directed verdict to Lott is

**AFFIRMED.**

SHORT, J., and KONDUROS, J., concur.