**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Walter Goodine, Appellant.

Appellate Case No. 2012-212261

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2013-UP-408
Submitted October 1, 2013 – Filed November 6, 2013

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Julie Kate Keeney, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with

the existence or nonexistence of evidence, not its weight."); *Jones v. Lott*, 379 S.C. 285, 288-89, 665 S.E.2d 642, 644 (Ct. App. 2008) ("The appellate court will reverse the trial court's ruling on a directed verdict motion only when there is no evidence to support the ruling or where the ruling is controlled by an error of law."); *State v. Hudson*, 277 S.C. 200, 202, 284 S.E.2d 773, 774-75 (1981) ("Conviction of possession of [a controlled substance] requires proof of possession-either actual or constructive, coupled with knowledge of its presence. Actual possession occurs when the drugs are found to be in the actual physical custody of the person charged with possession. To prove constructive possession, the State must show a defendant had dominion and control, or the right to exercise dominion and control, over the [drugs]. Constructive possession can be established by circumstantial as well as direct evidence, and possession may be shared.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.