**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Fireman's Fund Insurance Company, a/s/o Stig Wennerstrom, Appellant,

v.

Searcy Custom Homes, LLC and B&B Plumbing, Inc., Respondents.

Appellate Case No. 2013-002397

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2015-UP-464
Submitted June 1, 2015 – Filed September 30, 2015

**AFFIRMED**

Svend Hewitt Deal, of Cozen O'Connor, of Charlotte, NC, for Appellant.

Jason Michael Imhoff, of The Ward Law Firm, PA, of Spartanburg, for Respondents.

**PER CURIAM:** Fireman's Fund Insurance Company appeals the trial court's denial of recovery under its claim against Searcy Custom Homes, LLC for breach

of the implied warranty of habitability. On appeal, Fireman's Fund Insurance Company argues the trial court erred in (1) denying its motion for a directed verdict on its implied warranty of habitability claim and (2) declining to charge the jury on the implied warranty of habitability. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the first issue: *Jones v. Lott*, 379 S.C. 285, 288-89, 665 S.E.2d 642, 644 (Ct. App. 2008) ("On a motion for directed verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions and to deny the motions where either the evidence yields more than one inference or its inference is in doubt. The appellate court will reverse the trial court's ruling on a directed verdict motion only when there is no evidence to support the ruling or where the ruling is controlled by an error of law." (internal citations omitted)); *Bultman v. Barber*, 277 S.C. 5, 7, 281 S.E.2d 791, 792 (1981) ("[The appellate court] must determine whether a verdict for a party opposing the motion would be reasonably possible under the facts as liberally construed in his favor."); *Lane v. Trenholm Bldg. Co.*, 267 S.C. 497, 500, 229 S.E.2d 728, 729 (1976) (holding "when a new building is sold there is an implied warranty of fitness for its intended use"—an implied warranty of habitability—that "springs from the sale itself"); *id.* at 503, 229 S.E.2d at 731 ("[The seller's] liability is not founded upon fault, but because it has profited by receiving a fair price and, as between it and an innocent purchaser, the innocent purchaser should be protected from latent defects."); *Arvai v. Shaw*, 289 S.C. 161, 164, 345 S.E.2d 715, 717 (1986) ("The determining factor [for whether there is an implied warranty of habitability] is not whether the defendant actually builds the defective house, but that he places it, by the initial sale, into the stream of commerce. Holding the custom builder liable under an implied warranty [of habitability], where he is not also involved in the *sale* of the house, would be incompatible with the law of warranty.").

2. As to the second issue: *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion. An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (internal citations omitted)); *id.* at 390, 529 S.E.2d at 539 ("When instructing the jury, the trial court is required to charge only principles of law that apply to the issues raised in the pleadings and developed by the evidence in support of those issues. . . . [T]he trial court is not

required to instruct the jury on a principle of law that is irrelevant to the case as proved." (internal citations omitted)).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.