**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of James A. Trippe, III, Deceased.

Gene D. Morin, Conservator for Katelin Trippe, Respondent,

v.

James Trippe, Jr., individually and as Personal Representative of the Estate of James A. Trippe, III, Appellant.

Appellate Case No. 2015-000649

———————

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-492
Submitted November 1, 2016 – Filed November 23, 2016

———————

**AFFIRMED**

———————

Oscar W. Bannister, of Bannister, Wyatt & Stalvey, LLC; and Michael T. Coulter, of Clarkson Walsh Terrell & Coulter, PA, both of Greenville, for Appellant.

Jacqueline Hiatt Patterson and Nathaniel Curtis Farmer, both of Patterson & Associates, P.A., of Greenville, for Respondent.

---

**PER CURIAM:** James Trippe, Jr., (Appellant) appeals from a circuit court order affirming a finding of contempt from the probate court's order on the ground the issue of contempt was moot. The circuit court also found, as an additional sustaining ground, evidence supported the probate court's finding of contempt. On appeal, Appellant argues the probate court erred by finding (1) him in contempt and (2) he was personally liable for the debt. Because Appellant did not challenge the circuit court's finding of mootness, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."); *Wofford v. City of Spartanburg ex rel. S.C. Mun. Ins. Trust*, 415 S.C. 152, 158, 781 S.E.2d 146, 149 (Ct. App. 2015) ("It should be noted that although cases generally have discussed the 'two issue' rule in the context of the appellate treatment of general jury verdicts, the rule is applicable under other circumstances on appeal, including affirmance of orders of trial courts." (quoting *Anderson v. S.C. Dep't of Highways & Pub. Transp.*, 322 S.C. 417, 420 n.1, 472 S.E.2d 253, 255 n.1 (1996))); *Anderson*, 322 S.C. at 420 n.1, 472 S.E.2d at 255 n.1 ("For example, if a court directs a verdict for a defendant on the basis of the defenses of statute of limitations and contributory negligence, the order would be affirmed under the 'two issue' rule if the plaintiff failed to appeal both grounds or if one of the grounds required affirmance.").

**AFFIRMED.**[1]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.