**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James R. Brady, Respondent,

v.

Hilton Head Homes at Allenwood, LLC, Village Square Development Company, LLC, Lancaster Redevelopment Corp., and Gary L. Grossman, Appellants.

Appellate Case No. 2023-000222

———————

Appeal From Beaufort County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-086
Submitted February 1, 2025 – Filed March 12, 2025

———————

**AFFIRMED**

———————

George Hamlin O'Kelley, III, of Buist Byars & Taylor, LLC, of Mt. Pleasant, for Appellants.

Jesse Sanchez, of The Law Office of Jesse Sanchez, LLC, of Mount Pleasant; and Glynn Lindsey Capell and Charles Whaley Thomson, both of Capell Thomson, LLC, of Charleston, all for Respondent.

———————

**PER CURIAM:** Gary L. Grossman appeals a jury verdict in favor of James R. Brady finding Grossman breached a contract with Brady and converted his personal property and an order denying Grossman's motion for judgment notwithstanding the verdict (JNOV). Grossman argues the trial court erred when it denied his motion for a directed verdict and motion for JNOV because (1) contracts which assigned interests to Brady in Hilton Head Homes at Allenwood, LLC and Village Square Development Company, LLC contained merger clauses superseding a prior agreement between Brady and Grossman and (2) the prior agreement was unenforceable under the statute of frauds. We affirm pursuant to Rule 220(b), SCACR.

Brady sued Grossman for breach of contract, conversion, and quantum meruit, alleging Grossman breached a prior agreement between the two and exercised the unauthorized assumption and right of ownership over money to which Brady had an interest under the terms of the prior agreement.[1] As mentioned, the jury returned verdicts in favor of Brady as to both causes of action and awarded Brady $711,027 on each cause of action. Thereafter, the trial court entered a judgment against Grossman in Brady's favor in the amount of $711,027. On appeal, Grossman raised two issues, arguing the trial court erred when it denied his motions for directed verdict and JNOV because it failed to hold that a prior agreement was superseded by subsequent agreements and the prior agreement was unenforceable under the statute of frauds. We hold Grossman's arguments, which only challenge the trial court's failure to grant a directed verdict and JNOV as to the breach of contract claim, are precluded from appellate review because Grossman failed to challenge the jury's verdict in Brady's favor on the conversion cause of action. *See Anderson v. S.C. Dep't of Highways & Pub. Transp.*, 322 S.C. 417, 420, 472 S.E.2d 253, 254 (1996) ("[W]hen a jury's general verdict is supportable by more than one cause of action submitted to it, the appellate court will affirm unless the appellant appeals all causes of action."); *Gold Kist, Inc. v. Citizens & S. Nat. Bank of S.C.*, 286 S.C. 272, 282, 333 S.E.2d 67, 73 (Ct. App. 1985) ("[W]here a jury returns a general verdict in a case involving two or more issues or defenses and its verdict is supported as to at least one issue or defense, the verdict will not be reversed."); *Cole v. Raut*, 378 S.C. 398, 407, 663 S.E.2d 30, 34 (2008) ("The application of the two-issue rule is separate and distinct from a prejudicial error inquiry, and operates to uphold a jury verdict that is sustained by the facts of the case."); *id.* ("The rule is consistent with the established notion that the appellate courts in this State 'exercise every reasonable presumption in favor of

---

[1] The trial court directed a verdict on quantum meruit after the jury returned its verdict.

the validity of a general verdict.'" (quoting *Gold Kist, Inc.*, 286 S.C. at 282, 333 S.E.2d at 73)).

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.